# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN WALSH, individually on behalf of himself and all others similarly situated,<br><br>                        Plaintiff,<br><br>v.<br><br>DELTA DENTAL PLANS ASSOCIATION, DELTA DENTAL INSURANCE COMPANY, DELTACARE USA, DELTA DENTAL OF NEW YORK INC., DELTA DENTAL OF NEW JERSEY, INC., ARIZONA DENTAL INSURANCE SERVICE, INC., D/B/A DELTA DENTAL OF ARIZONA, DELTA DENTAL PLAN OF ARKANSAS, INC., DELTA DENTAL OF CALIFORNIA, COLORADO DENTAL SERVICE INC. D/B/A/ DELTA DENTAL OF COLORADO, DELTA DENTAL OF CONNECTICUT, DELTA DENTAL OF DELAWARE, INC., DELTA DENTAL OF THE DISTRICT OF COLUMBIA, HAWAII DENTAL SERVICE, DELTA DENTAL OF IDAHO, INC. D/B/A DELTA DENTAL OF IDAHO, DELTA DENTAL OF ILLINOIS, DELTA DENTAL OF INDIANA, INC., DELTA DENTAL OF KANSAS INC., DELTA DENTAL OF KENTUCKY, INC., MAINE DENTAL SERVICE CORPORATION, D/B/A DELTA DENTAL PLAN OF MAINE, DENTAL SERVICE OF MASSACHUSETTS INC. D/B/A DELTA DENTAL OF MASSACHUSETTS, DELTA DENTAL PLAN OF MICHIGAN, INC., DELTA DENTAL OF MINNESOTA, DELTA DENTAL OF MISSOURI, DELTA DENTAL OF NEBRASKA, DELTA DENTAL PLAN OF NEW HAMPSHIRE, INC., DELTA DENTAL PLAN OF NEW MEXICO, INC., DELTA DENTAL OF NORTH CAROLINA, DELTA DENTAL PLAN OF OHIO, INC., DELTA DENTAL PLAN OF OKLAHOMA, OREGON DENTAL SERVICE D/B/A DELTA DENTAL OF OREGON, DELTA DENTAL OF PENNSYLVANIA, DELTA DENTAL OF PUERTO RICO, INC., DELTA DENTAL OF RHODE ISLAND, DELTA DENTAL OF SOUTH DAKOTA, DELTA DENTAL OF TENNESSEE, DELTA DENTAL PLAN OF VERMONT, INC., DELTA DENTAL OF | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

VIRGINIA, DELTA DENTAL OF WASHINGTON,
DELTA DENTAL PLAN OF WEST VIRGINIA, INC.,
DELTA DENTAL OF WISCONSIN, INC., DELTA
DENTAL PLAN OF WYOMING D/B/A DELTA
DENTAL OF WYOMING,  ABC CORPORATION 1-
40,

                    Defendants.

Plaintiff Kevin Walsh ("Plaintiff") brings this action individually and on behalf of all others

similarly situated against Defendants Delta Dental Plans Association, Delta Dental Insurance

Company, DeltaCare USA, Delta Dental of New York, Inc. ("Delta New York"), Delta Dental of

New Jersey, Inc. ("Delta New Jersey"), Arizona Dental Insurance Service, Inc., d/b/a Delta Dental

of Arizona ("Delta Arizona"), Delta Dental Plan of Arkansas, Inc. ("Delta Arkansas"), Delta

Dental of California ("Delta California"), Colorado Dental Service Inc. d/b/a/ Delta Dental of

Colorado ("Delta Colorado"), Delta Dental of Connecticut ("Delta Connecticut"), Delta Dental of

Delaware, Inc., Delta Dental of the District of Columbia ("Delta DC"), Hawaii Dental Service

("Delta Hawaii"), Delta Dental of Idaho, Inc. d/b/a Delta Dental of Idaho ("Delta Idaho"), Delta

Dental of Illinois ("Delta Illinois"), Delta Dental of Indiana, Inc. ("Delta Indiana"), Delta Dental

of Iowa ("Delta Iowa"), Delta Dental of Kansas Inc. ("Delta Kansas"), Delta Dental of Kentucky,

Inc. ("Delta Kentucky"), Maine Dental Service Corporation, d/b/a Delta Dental Plan of Maine

("Delta Maine"), Dental Service of Massachusetts Inc. d/b/a Delta Dental of Massachusetts ("Delta

Massachusetts"), Delta Dental Plan of Michigan, Inc. ("Delta Michigan"), Delta Dental of

Minnesota ("Delta Minnesota"), Delta Dental of Missouri ("Delta Missouri"), Delta Dental of

Nebraska ("Delta Nebraska"), Delta Dental Plan of New Hampshire, Inc. ("Delta New

Hampshire"), Delta Dental Plan of New Mexico, Inc. ("Delta New Mexico"), Delta Dental of

North Carolina ("Delta North Carolina"), Delta Dental Plan of Ohio, Inc. ("Delta Ohio"), Delta

Dental Plan of Oklahoma ("Delta Oklahoma"), Oregon Dental Service d/b/a Delta Dental of Oregon ("Delta Oregon"), Delta Dental of Pennsylvania ("Delta Pennsylvania"), Delta Dental of Puerto Rico, Inc. ("Delta Puerto Rico"), Delta Dental of Rhode Island ("Delta Rhode Island"), Delta Dental of South Dakota ("Delta South Dakota"), Delta Dental of Tennessee ("Delta Tennessee"), Delta Dental Plan of Vermont, Inc. ("Delta Vermont"), Delta Dental of Virginia ("Delta Virginia"), Delta Dental of Washington ("Delta Washington"), Delta Dental of Wisconsin, Inc. ("Delta Wisconsin"), Delta Dental Plan of Wyoming d/b/a Delta Dental of Wyoming ("Delta Wyoming") and ABC Corporation 1-40 (collectively "Delta Dental" or "Defendants"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## NATURE OF THE ACTION

1.    This is a class action lawsuit on behalf of all people insured under a Delta Dental insurance plan who paid more for out-of-network dental care than they should have because of Delta Dental's policy of falsely and misleadingly misrepresenting that it would cover a certain percentage of the cost of out-of-network treatment (i.e. 50-100% depending on the service) when it fact it covers far less than the stated percentage. Said another way, when Delta Dental tells policy holders that it will cover a certain percentage of the cost of out-of-network dental services and/or products, what it really means is that it will cover a percentage of a proprietary (almost always lower) internal price set by Delta Dental, irrespective of what the provider actually charges the insured. This proprietary internal number is, upon information and belief, completely arbitrary and decided on exclusively by Delta Dental for its own benefit. Through this scheme, Delta Dental has profited tremendously at the expense of its insureds, who are left holding the bag for often

exceptionally high dental bills.

2.       Worse yet, even if a customer were aware that Delta Dental only covers a percentage of its internally set price, Delta Dental refuses to disclose said price to insureds, even if they ask for it.  Therefore, it is impossible for insured members to determine what they will actually pay for out-of-network dental services and/or products.

3.       Upon information and belief, this practice is common among all Delta Dental entities and is uniform throughout the United States.  Delta Dental engages in this unlawful conduct across its various insurance offerings throughout the United States, resulting in Plaintiff and class members paying considerably more for out-of-network dental care than they should have.

4.       Plaintiff Walsh, through his employer, is enrolled in a Delta Dental PPO plan.  On August 1, 2024, Plaintiff Walsh visited an out-of-network provider and underwent three procedures, each involving preventative care and imaging.  The provider submitted amounts of $254.00 for two of the procedures (comprehensive oral exam and prophylaxis), and the third for $352.00 (complete set of radiographic images).  Under Plaintiff's plan, he is supposed to pay 0% for basic dental services including exams, cleanings, x-rays, and sealants.  But in fact, Plaintiff did not pay 0%, he paid $230.00.  Delta Dental approved the provider's rates but paid only a portion of the rate because the provider's charged amount exceeded Delta Dental's proprietary internal pricing.

5.       Even if Delta Dental regarded this treatment as "Basic Services" (which they are not, they are clearly preventative and diagnostic), Plaintiff still overpaid.  Under Plaintiff's plan, Delta Dental is obligated to cover 80% of the cost of "Basic Services."  Here, however, Delta Dental covered only $630 of the $860.00 approved total, about 73% of the total. Therefore, no matter what, Plaintiff overpaid.

6.      Because it is clear that Delta Dental will not honor its obligation to cover the stated percentage of out-of-network care, an appeal by Mr. Walsh would be futile.

7.      Moreover, as outlined above and herein, Delta Dental obfuscates its practices regarding its coverage of out-of-network treatment, does not disclose that it basis its percentages off of undisclosed internal prices, and generally misrepresents the nature of its coverage, it frustrated the appeals process because consumers cannot readily discern that Delta Dental has failed to honor its obligations.  Therefore, any internal exhaustion requirements are excused.

8.      Plaintiff brings this action on behalf of himself and those similarly situated for damages to recover the money they paid in excess of what Delta Dental promised to cover and to enjoin Delta Dental from continuing its unlawful conduct by covering the stated percentage for out-of-network dental care, or, at minimum, disclosing its internal proprietary prices to insured members so they can make an informed decision as to the true cost of out-of-network care.

## PARTIES

9.      Plaintiff Walsh resides in New York, New York.  For benefit years 2024 and 2025, Plaintiff is and was enrolled in Delta Dental's PPO Plus Premier Plan through his employer.  Upon information and belief, Mr. Walsh's Delta Dental insurance plan administered by Delta New Jersey.

10.     At all material times, Plaintiff's plan provided that Delta Dental would cover 100% (and Plaintiff would pay 0%) for out-of-network preventative and diagnostic care and 80% (and Plaintiff would pay 20%) for out-of-network basic services.

11.     However, Delta Dental did not live up to its agreement to cover 100% of out-of-network preventative and diagnostic care, as evidenced by the fact that on at least one occasion, Plaintiff paid $230.00 out-of-pocket for preventative and diagnostic care despite using his

5

insurance.  Upon information and belief, because of Delta Dental's undisclosed and proprietary internal price rubrics, Delta Dental did not cover the percentages that it promised to for any level of out-of-network dental care.

12.     Additionally, any appeal by Mr. Walsh would have been futile because of Delta Dental's bad faith.  It is settled that "where the plan fiduciary has acted in bad faith or in breach of its fiduciary duties, federal courts have invoked the futility doctrine and waived exhaustion as a precondition for judicial review under ERISA. *De Pace v. Matsushita Elec. Corp. of Am.*, 257 F. Supp. 2d 543, 560 (E.D.N.Y. 2003); *MacLennan v. Provident Life & Acc. Ins. Co.*, 676 F. Supp. 2d 57, 66 (D. Conn. 2009) (noting "improper behavior in reviewing claims" grounds for finding of futility).  Here, Delta Dental engaged in a scheme to underpay for out-of-network treatment by deceptively paying out-of-network claims based on a percentage of an undisclosed, arbitrary fee almost always far lower than the amount charged by the provider.  This action was undertaken in bad faith by Delta Dental, and it has no intention of actually delivering on its promise to cover its stated percentages for out-of-network care.  Therefore, Plaintiff Walsh is entitled to the futility exception to administrative exhaustion under ERISA.

13.     Moreover, Delta Dental frustrated the appeals process because it obfuscated its practices regarding its coverage of out-of-network treatment, did not disclose that it basis its percentages off of undisclosed internal prices, and generally misrepresents the nature of its coverage.

14.      Defendant Delta Dental Plans Association is located at 1515 22nd St # 450, Oak Brook, IL 60523. Throughout the class period, Delta Dental Plans Association was comprised of and managed by a network of Delta Dental state insurers, set forth below.  Upon information and belief, Defendant Delta Dental Plans Association was involved with designing the Delta Dental

policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which Plaintiff and/or class members were enrolled.

15.    Delta Dental Insurance Company is located at P.O. Box 2059 Mechanicsburg, PA 17055-2059.  Delta Dental Insurance Company is the Delta Dental licensee for Alabama, Florida, Georgia, Louisiana, Mississippi, Montana, Nevada, Texas, and Utah.    Upon information and belief, Defendant Delta Dental Insurance Company was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which Plaintiff and/or class members were enrolled.  Upon information and belief, Delta Dental Insurance Company routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

16.    Defendant Delta Dental of New Jersey, Inc. is located at P.O. Box 222, Parsippany, NJ 07054.  Upon information and belief, Delta New Jersey also has an address located at P.O. Box 16354, Little Rock, AR 72231.  Delta New Jersey is the Delta Dental licensee for New Jersey. Upon information and belief, Plaintiff's policy, provided through his New Jersey based employer, was offered through Delta New Jersey, in conjunction with other Delta Dental licensees.  Upon information and belief, Defendant Delta New Jersey was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which Plaintiff and/or class members were enrolled.  Upon information and belief, Delta New Jersey routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

17.    Delta Dental of New York Inc. is located at P.O. Box 2105 Mechanicsburg, PA 17055-6999.  Delta New York is the Delta Dental licensee for New York.  Upon information and

belief, Delta New York worked in conjunction with Delta New Jersey to provide Plaintiff's dental coverage on behalf of Delta Dental.  Upon information and belief, Defendant Delta New York was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which Plaintiff and/or class members were enrolled.  Upon information and belief, Delta New York routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

18.    Arizona Dental Insurance Service, Inc., d/b/a Delta Dental of Arizona ("Delta Arizona") is located at P.O. Box 43026 Phoenix, AZ 85080.  Delta Arizona is the Delta Dental licensee for Arizona.  Upon information and belief, Defendant Delta Arizona was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Upon information and belief, Delta Arizona routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

19.    Delta Dental Plan of Arkansas, Inc. is located at P.O. Box 15965 N. Little Rock, AR 72231-5965.  Delta Arkansas is the Delta Dental licensee for Arkansas.  Upon information and belief, Defendant Delta Arkansas was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Upon information and belief, Delta Arkansas routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

20.    Delta Dental of California is located at P.O. Box 997330 Sacramento, CA 95899-7330. Delta California is the Delta Dental licensee for California.  Upon information and belief,

8

Defendant Delta California was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Upon information and belief, Delta California routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

21. Colorado Dental Service Inc. d/b/a/ Delta Dental of Colorado. Delta Colorado is the Delta Dental licensee for Colorado. Upon information and belief, Defendant Delta Colorado was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Upon information and belief, Delta Colorado routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

22. Delta Dental of Connecticut is a subsidiary of Delta Dental of New Jersey, Inc. Delta Connecticut shares an address with Delta New Jersey. Delta Connecticut is the Delta Dental licensee for Connecticut. Upon information and belief, Defendant Delta Connecticut was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Upon information and belief, Delta Connecticut routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

23. Delta Dental of Delaware, Inc. shares an address with Delta Dental of Pennsylvania. Delta Delaware is the Delta Dental licensee for Delaware. Upon information and belief, Defendant Delta Delaware was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Upon information and belief, Delta

Delaware routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

24.    Delta Dental of the District of Columbia shares an address with Delta Dental of Pennsylvania.  Delta DC is the Delta Dental licensee for the District of Columbia.  Upon information and belief, Defendant Delta DC was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Upon information and belief, Delta DC routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

25.    Hawaii Dental Service is located at 700 Bishop Street, Suite 700, Honolulu, HI 96813.  Delta Hawaii is the Delta Dental licensee for Hawaii.  Upon information and belief, Defendant Delta Hawaii was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Upon information and belief, Delta Hawaii routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

26.    Delta Dental of Idaho, Inc. d/b/a Delta Dental of Idaho is located at P.O. Box 2870 Boise, ID 83701.  Delta Idaho is the Delta Dental licensee for Idaho.  Upon information and belief, Defendant Delta DC was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Upon information and belief, Delta DC routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

27.    Delta Dental of Illinois is located at P.O. Box 5402 Lisle, IL 60532.  Delta Illinois is the Delta Dental licensee for Illinois.  Upon information and belief, Defendant Delta Illinois was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Upon information and belief, Delta Illinois routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

28.    Delta Dental of Indiana, Inc. is located at P.O. Box 9085, Farmington Hills, MI 48333-9085.  Delta Indiana is the Delta Dental licensee for Indiana.  Upon information and belief, Defendant Delta Indiana was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Upon information and belief, Delta Illinois routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

29.    Delta Dental of Iowa is located at P.O. Box 9000 Johnston, IA 50131-9000.  Delta Iowa is the Delta Dental licensee for Iowa.  Upon information and belief, Defendant Delta Iowa was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Upon information and belief, Delta Iowa routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

30.    Delta Dental of Kansas Inc. is located at 1619 N. Waterfront Parkway, P.O. Box 789769 Wichita, KS 67278-9769.  Delta Kansas is the Delta Dental licensee for Kansas. Upon information and belief, Defendant Delta Kansas was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in

providing or administering Delta Dental insurance plans in which class members were enrolled. Upon information and belief, Delta Kansas routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

31.     Delta Dental of Kentucky, Inc. is located at P.O. Box 242810, Louisville, KY 40224-2810.  Delta Kentucky is the Delta Dental licensee for Kentucky.  Upon information and belief, Defendant Delta Kentucky was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Upon information and belief, Delta Kentucky routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

32.     Maine Dental Service Corporation, d/b/a Delta Dental Plan of Maine is located at P.O. Box 2002 Concord, NH 03302-2002.  Maine Dental Service Corporation is the Delta Dental licensee for Maine.  Upon information and belief, Defendant Delta Maine was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Upon information and belief, Delta Maine routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

33.     Dental Service of Massachusetts Inc. d/b/a Delta Dental of Massachusetts is located at P.O. Box 2907, Milwaukee, WI 53201.  Delta Massachusetts is the Delta Dental licensee for Massachusetts.  Upon information and belief, Defendant Delta Massachusetts was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Upon information and belief, Delta Massachusetts routinely failed to

cover the promised percentage of out-of-network care as promised in its plans.

34.    Delta Dental Plan of Michigan, Inc. is located at 4100 Okemos Road, Okemos, MI 48864.  Delta Michigan is the Delta Dental licensee for Michigan.  Upon information and belief, Defendant Delta Michigan was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Upon information and belief, Delta Michigan routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

35.    Delta Dental of Minnesota is located at P.O. Box 59238, Minneapolis, MN 55459-0238.  Delta Minnesota is the Delta Dental licensee for Minnesota and North Dakota.  Upon information and belief, Defendant Delta Minnesota was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Upon information and belief, Delta Minnesota routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

36.    Delta Dental of Missouri is located at P.O. Box 8690 St. Louis, MO 63126-0690.  Delta Missouri is the Delta Dental licensee for Missouri and South Carolina.  Upon information and belief, Defendant Delta Missouri was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Upon information and belief, Delta Missouri routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

37.    Delta Dental of Nebraska is located at P.O. Box 245, Minneapolis, MN 55440-

0245.  Delta Nebraska is the Delta Dental licensee for Nebraska.  Upon information and belief, Defendant Delta Nebraska was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Upon information and belief, Delta Nebraska routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

38.     Delta Dental Plan of New Hampshire, Inc. is located at P.O. Box 2002 Concord, NH 03302-2002.  Delta New Hampshire is the Delta Dental licensee for the state of New Hampshire.  Upon information and belief, Defendant Delta New Hampshire was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Upon information and belief, Delta New Hampshire routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

39.     Delta Dental Plan of New Mexico, Inc. is located at 2500 Louisiana Blvd., N.E. Suite 600 Albuquerque, NM 87110.  Delta New Mexico is the Delta Dental licensee for New Mexico.  Upon information and belief, Defendant Delta New Mexico was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Upon information and belief, Delta New Mexico routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

40.     Delta Dental of North Carolina is located at P.O. Box 9085 Farmington Hills, MI 48333-9085.  Delta North Carolina is the Delta Dental licensee for North Carolina.  Upon information and belief, Defendant Delta North Carolina was involved with designing the Delta

Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Upon information and belief, Delta North Carolina routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

41.    Delta Dental Plan of Ohio, Inc. is located at P.O. Box 9085 Farmington Hills, MI 48333-9085. Delta Ohio is the Delta Dental licensee for Ohio. Upon information and belief, Defendant Delta Ohio was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Upon information and belief, Delta Ohio routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

42.    Delta Dental Plan of Oklahoma is located at P.O. Box 548809 Oklahoma City, OK 73154-8809. Delta Oklahoma is the Delta Dental licensee for Oklahoma. Upon information and belief, Defendant Delta Oklahoma was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Upon information and belief, Delta Oklahoma routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

43.    Oregon Dental Service d/b/a Delta Dental of Oregon is located at 601 SW 2nd Avenue Portland, OR 97204. Delta Oregon is the Delta Dental licensee for Oregon and Alaska. Upon information and belief, Defendant Delta Oregon was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were

enrolled. Upon information and belief, Delta Oregon routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

44. Delta Dental of Pennsylvania is located at P.O. Box 2105 Mechanicsburg, PA 17055-6999. Delta Pennsylvania is the Delta Dental licensee for Pennsylvania and Maryland. Upon information and belief, Defendant Delta Pennsylvania was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or was involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Upon information and belief, Delta Pennsylvania routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

45. Delta Dental of Puerto Rico, Inc. is located at P.O. Box 9020992 San Juan, PR 00902-0992. Delta Puerto Rico is the Delta Dental licensee for Puerto Rico. Upon information and belief, Defendant Delta Puerto Rico was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or was involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Upon information and belief, Delta Puerto Rico routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

46. Delta Dental of Rhode Island is located at P.O. Box 1517, Providence, RI 02901-1517. Delta Rhode Island is the Delta Dental licensee for Rhode Island. Upon information and belief, Defendant Delta Rhode Island was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or was involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Upon information and belief, Delta Rhode Island routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

47.     Delta Dental of South Dakota is located at P.O. Box 1157 Pierre, SD 57501.  Delta South Dakota is the Delta Dental licensee for South Dakota.  Upon information and belief, Defendant Delta South Dakota was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or was involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Upon information and belief, Delta South Dakota routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

48.     Delta Dental of Tennessee is located at 240 Venture Circle Nashville, TN 37228-1699.  Delta Tennessee is the Delta Dental licensee for Tennessee.  Upon information and belief, Defendant Delta Tennessee was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or was involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Upon information and belief, Delta Tennessee routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

49.     Delta Dental Plan of Vermont, Inc. is located at P.O. Box 2002 Concord, NH 03302-2002.  Delta Vermont is the Delta Dental licensee for Vermont.  Upon information and belief, Defendant Delta Vermont was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or was involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Upon information and belief, Delta Vermont routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

50.     Delta Dental of Virginia is located at 4818 Starkey Rd., Roanoke, VA 24018-8510. Delta Virginia is the Delta Dental licensee for Virginia.  Upon information and belief, Defendant

Delta Virginia was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or was involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Upon information and belief, Delta Virginia routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

51.    Delta Dental of Washington is located at P.O. Box 75983 Seattle, WA 98175. Delta Washington is the Delta Dental licensee for Washington. Upon information and belief, Defendant Delta Washington was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or was involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Upon information and belief, Delta Washington routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

52.    Delta Dental Plan of West Virginia, Inc. shares an address with Delta Pennsylvania. Delta West Virginia is the Delta Dental licensee for West Virginia. Upon information and belief, Defendant Delta West Virginia was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or was involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Upon information and belief, Delta West Virginia routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

53.    Delta Dental of Wisconsin, Inc. is located at P.O. Box 828 Stevens Point, WI 54481. Delta Wisconsin is the Delta Dental licensee for Wisconsin. Upon information and belief, Defendant Delta Wisconsin was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or was involved in providing or

administering Delta Dental insurance plans in which class members were enrolled.   Upon information and belief, Delta Wisconsin routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

54.    Delta Dental Plan of Wyoming d/b/a Delta Dental of Wyoming is located at P.O. Box 29 Cheyenne, WY 82003-0029.  Delta Wyoming is the Delta Dental licensee for Wyoming. Upon information and belief, Defendant Delta Wyoming was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or was involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Upon information and belief, Delta Wyoming routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

55.    ABC Corporation 1-40 are other Delta Dental licensees or other affiliated Delta Dental entities that were involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which Plaintiff and/or class members were enrolled.   Upon information and belief, ABC Corporation 1-40 were involved in Delta Dental routinely failing to cover the promised percentage of out-of-network care as promised in its plans.  The identity of said entities is currently unknown to Plaintiff but is known by Delta Dental.

**JURISDICTION AND VENUE**

56.    The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 29 U.S. Code § 1132, 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendants, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

57.    This Court has personal jurisdiction over Defendants because each Defendant has purposefully availed itself of the New York markets and Plaintiff's claim arises out of Defendants' forum-based conduct.  Each Defendant has sufficient minimum contacts with New York to warrant the exercise of personal jurisdiction over each Defendant.  Further, this Court has general personal jurisdiction over Delta Dental of New York, Inc. because it is a corporation formed under the laws of New York and therefore is domiciled in New York.

58.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Delta Dental of New York, Inc. is incorporated in New York and because many of the acts and transactions giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

### A. **Background on Delta Dental**

59.    Delta Dental is comprised of predominately not-for-profit entities that provide insurance plans for dental services and products in their respective states or multi-state areas, as set forth above.  Upon information and belief, Delta New Jersey provides insurance plans for dental services and products in the State of New Jersey.  Also upon information and belief, where a company has numerous locations across various states (or territories), the Delta state entity (such as Delta New Jersey and Delta New York) in which the employer is primarily located provides the insurance plan and then works in conjunction with Delta state entities in other states to administer the plan.

60.    Through the insurance plans they offer and administer, Delta New Jersey and the various other Delta state entities reimburse the cost of dental goods and services provided to dental patients across the United States by dental providers.

61.    The earliest state-specific Delta Dental entities were created in approximately 1954

when dental service corporations were formed in states such as California, Oregon and Washington. A dental service corporation is a legally constituted not-for-profit organization, incorporated on a state-by-state basis, that negotiates and administers contracts for dental care. These corporations were created in response to requests from entities (such as workers unions) wishing to obtain a comprehensive plan for dental services for their members, and with the aim of increasing public access to oral health care. The dental service plans offered by the dental service corporations were intended to provide full payment to dental service providers, with no additional payment required from a patient for their treatment beyond an agreed copayment or deductible.

62.    In the 1960s, there was an increase in the number of state dental association-sponsored service corporations, and in the size of the groups or entities requesting dental care plans from the corporations.  In response, in 1966, the National Association of Dental Service Plans (later renamed as the "Delta Dental Plans Association") was created to bring together and coordinate the Delta Dental state insurance entities (such as Delta New Jersey and analog state entities). From its creation, Delta Dental Plans Association worked to coordinate dental benefit programs for Delta Dental customers (and potential customers) that had employees in multiple states by allocating their insurance business (and potential business) to different Delta Dental state insurance entities based on the states or territories in which the customer's employees were based.

63.    Coverage was provided this way until the late 1980s when Delta Dental of California won the bid for the Office of the Civilian Health and Medical Program of the Uniformed Services program. To centralize administration of this very large account, the Delta Dental state insurers agreed to share their provider data through the Delta Dental Plans Association. This led to the creation of the National Provider File, which was made available for commercial accounts in 1990 via DeltaCare USA, and which provided Delta Dental coverage to organizations with

employees and subscribers located in multiple states.

**B. Dental Plans Offered by Defendants**

64.     Delta Dental Plans Association currently offers five dental plans through the Delta Dental state insurers: (1) Delta Dental Premier, (2) Delta Dental PPO, (3) DeltaCare USA (HMO), (4) Delta Dental PPO Plus Premier, and (5) Deta Dental Patient Direct[1]:

    a.  Delta Dental PPO provides access to Delta Dental's network of dentists who accept reduced fees for covered services, allowing for lower out-of-pocket costs. Delta Dental PPO is Delta Dental's third largest provider network.  It is a mid-priced plan.  The Delta Dental PPO plan provides coverage for out-of-network care.  Upon information and belief, regardless of what state the plan is offered in, the Delta Dental PPO plan promises to cover a certain percentage of the cost of out-of-network care, usually between 50-100% depending on the service, but in fact fails to do so.  Upon information and belief, for Delta Dental PPO plans, Delta Dental sets proprietary and confidential out-of-network rates for out-of-network providers which it does not make available to its insureds, even upon request, which are far lower than the amount actually charged. Also upon information and belief, for all iterations of Delta Dental PPO plans, Delta Dental specifies a certain percentage of the fee that it will cover for out-of-network care, but in fact does not actually cover that percentage because, unbeknownst to consumers, it only covers a percentage of its proprietary, arbitrary, internally-set lower fee, and not the actual fee charged by the provider.

    b.  Delta Dental Premier is Delta Dental's original fee-for-service plan that offers the largest network of dentists. Network dentists agree to contracted fees with Delta Dental

---

[1] https://www.deltadental.com/us/en/product/individual-and-family.html

so consumers pay only copay and deductible when visiting network dentists. Delta Dental Premier is Delta Dental's second largest provider network and second most expensive plan. The Delta Dental Premier plan provides coverage for out-of-network care. Upon information and belief, regardless of what state the plan is offered in, the Delta Dental Premier plan promises to cover a certain percentage of the cost of out-of-network care, usually between 50-100% depending on the service, but in fact fails to do so. Upon information and belief, for Delta Dental Premier plans, Delta Dental sets proprietary and confidential out-of-network rates for out-of-network providers which it does not make available to its insureds, even upon request, which are far lower than the amount actually charged. Also upon information and belief, for all iterations of Delta Dental Premier plans, Delta Dental specifies a certain percentage of the fee that it will cover for out-of-network care, but in fact does not actually cover that percentage because, unbeknownst to consumers, it only covers a percentage of its proprietary, arbitrary, internally-set lower fee, and not the actual fee charged by the provider.

c. Delta Dental PPO Plus Premier combines the Delta Dental PPO and Delta Dental Premier networks into one plan. Delta Dental PPO Plus Premier offers the largest possible network but is also Delta Dental's most expensive plan. The Delta Dental PPO Plus Premier plan provides coverage for out-of-network care. Upon information and belief, regardless of what state the plan is offered in, the Delta Dental PPO Plus Premier plan promises to cover a certain percentage of the cost of out-of-network care, usually between 50-100% depending on the service, but in fact fails to do so. Upon information and belief, for Delta Dental PPO Plus Premier plans, Delta Dental sets proprietary and confidential out-of-network rates for out-of-network providers which

it does not make available to its insureds, even upon request, which are far lower than the amount actually charged by the provider. Also upon information and belief, for all iterations of Delta Dental PPO Plus Premier plans, Delta Dental specifies a certain percentage of the fee that it will cover for out-of-network care, but in fact does not actually cover that percentage because, unbeknownst to consumers, it only covers a percentage of its proprietary, arbitrary, internally-set lower fee, and not the actual fee charged by the provider. This is evidenced by Plaintiff's Explanation of Benefits forms that Plaintiff received from Delta Dental following treatment with an out-of-network provider.

d. DeltaCare USA (HMO) offers low-cost dental coverage with a focus on preventive care. DeltaCare USA (HMO) is Delta Dental's lowest cost plan and offers the smallest network of dentists. The DeltaCare USA (HMO) plan provides coverage for out-of-network care. Upon information and belief, regardless of what state the plan is offered in, the DeltaCare USA (HMO) plan promises to cover a certain percentage of the cost of out-of-network care, usually between 50-100% depending on the service, but in fact fails to do so. Upon information and belief, for DeltaCare USA (HMO) plans, Delta Dental sets proprietary and confidential out-of-network rates for out-of-network providers which it does not make available to its insureds, even upon request, which are far lower than the amount actually charged by the provider. Also upon information and belief, for all iterations of Delta Dental's DeltaCare USA (HMO) plans, Delta Dental specifies a certain percentage of the fee that it will cover for out-of-network care, but in fact does not actually cover that percentage because, unbeknownst to consumers, it only covers a percentage of its proprietary, arbitrary, internally-set lower

fee, and not the actual fee charged by the provider.

e.  Delta Dental Patient Direct is not insurance like the above-mentioned Delta Dental plans; instead, members pay an annual fee and in exchange may choose from a panel of participating dentists who charge a reduced fee for services.

65.  Defendant Delta Dental Plans Association contracts with the Delta Dental state insurer entities (including Delta New Jersey) to offer these plans pursuant to the "Delta Dental Plans Agreement," under which the Delta Dental state insurers are allowed to conduct marketing and advertising using the Delta Dental trademarks and copyrights.

66.  The reimbursement rate paid to non-par (i.e. out-of-network) dental providers are set forth in the agreement between the insured and the Delta Dental state insurer. These rates are not filed with or subject to review by any state regulatory authorities and are held confidential by Delta Dental.

67.  In total, approximately 90 million people in the United States are insured by Delta Dental. Indeed, Delta Dental boasts that "1 in 3 Americans with dental insurance are covered by Delta Dental."[2]

## C. Delta Dental Makes False and Misleading Representations Regarding Out-of-Network Reimbursement Rates, and Breached Its Contract Regarding The Same

68.  For its Delta Dental PPO, Delta Dental Premier, Delta Dental PPO Plus Premier, and DeltaCare USA (HMO) plans, Delta Dental represents to insureds that it will cover a certain percentage of the fee for out-of-network treatment.  This percentage can be either a fixed percentage, such as 80% for all out-of-network treatment, or a sliding scale based on the complexity of the treatment provided.  For example, for out-of-network treatment, some Delta

---

[2] https://www.deltadental.com/us/en/about-us/why-delta-dental.html#:~:text=Fast%20Facts,focuses%20solely%20on%20dental%20care

Dental PPO Plus Premier plans cover 100% of the cost (0% out of pocket for the patient) for bitewing x-rays, comprehensive and periodic exams, full mouth debridement, full mouth x-ray, problem focused limited evaluations, panoramic x-rays, and prophylaxis; 80% of the cost (20% out of pocket for the patient) for amalgam, endodontics, general anesthesia, IV sedation, occlusal guard, oral surgery/surgical extractions, period maintenance, posterior resin, root plane/scale, silver fillings, simple extractions, and 50% of the cost (50% out of pocket) for dental crowns, dentures and partials, fixed partial dentures, implant crowns, implants, orthodontics, orthotic devices, and TMJ treatment.

69.    Plaintiff Walsh's Delta Dental PPO Plus Premier plan, out-of-network coverage percentages are a sliding scale of 100% coverage (0% out of pocket) for preventative and diagnostic care (exams, cleanings, x-rays, sealants), 80% coverage (20% out of pocket) for Basic Services (fillings), 50% coverage (50% out of pocket) for Major Services (Crowns, inlays, on lays and cast restorations), and 50% coverage (50% out of pocket) for orthodontic care. Delta Dental prominently displays these percentages in benefits materials in provides to health plans. For example, upon information and belief, Delta Dental provided the following rubric to Plaintiff's employer to be included in Plaintiff's benefits materials, which was then provided to Plaintiff:

| Feature/Service | Delta Dental | |
| --- | --- | --- |
| | **PPO** | |
| | **Delta Dental PPO Dentists** | **Delta Dental Premier & Non-Participating Dentists** |
| | *You will pay:* | |
| **Individual Annual Deductible** (Waived for Preventive and Diagnostic) | $50 *(waived for preventive)* | |
| **Family Annual Deductible** (Waived for Preventive and Diagnostic) | $100 *(waived for preventive)* | |
| **Annual Maximum/Person** | $2,000 | $2,000 |
| **Preventive and Diagnostic** Exams, cleanings, x-rays, sealants | 0% | 0% |
| **Basic Services** Fillings | 20% | 20% |
| **Major Services** Crowns, inlays, onlays and cast restorations | 50% | 50% |
| **Orthodontic Care** For dependent children to age 19 | 50% | 50% |
| **Orthodontic Lifetime Maximum** | $1,500 | |

70.    Remarkably, Delta Dental also represents in the same document that "Preventive Care is covered at 100% in or out of the network." As set forth above, that proved to be false.

71.    In short, these percentages are actually false or, at minimum, misleading, because Delta Dental does not actually cover the stated percentage for out-of-network care. Instead, unbeknownst to consumers, Delta Dental sets its own proprietary fee for procedures, which is almost always lower than the out-of-network provider's actual fee, and pays a percentage of its lower proprietary amount. Delta Dental does not disclose its actual practice to consumers.

72.    To be sure, for non-preventative services, Delta Dental states in Plaintiff Walsh's benefit materials that "[i]f you decide to use a non-participating dentist, however, benefits will be paid based on the maximum fee that Delta Dental will approve for a given procedure in a given region." But that phrase is meaningless and does not come close to fairly representing Delta Dental's actual practices. For example, maximum fee is not defined. This statement also does not disclose that Delta Dental's internal proprietary fees are almost always far lower than the fee

27

charged by the out-of-network provider and does not provide any insight as to what the maximum

fee is for any given procedure in any given area.  Worse yet, if an insured were to seek information

from Delta Dental about its internally set rates for out-of-network services, Delta Dental refuses

to provide them.  Therefore, even in the off chance that a consumer was aware that Delta Dental

caps its benefits for out-of-network providers, there is no way for a consumer to estimate how

much they will pay because Delta Dental refuses to provide any insight into its proprietary rates.

73.    As a result of this practice, Delta Dental has misled consumers and caused damage

to its insured members, including Plaintiff, because it failed to honor its stated percentages for out-

of-network care and dealt with its insureds in bad faith.

74.    Indeed, numerous consumers have complained[3] about the very same deception

Plaintiff Walsh complains of herein:



**Initial Complaint**

**Date:** 03/18/2025

**Type:** 🟧 Order Issues

**Status:** 💬 Answered

I am writing to express my frustration and seek resolution regarding numerous claims that have been identified as out-of-network, despite my policy clearly stating that these services should be covered at 100%. Unfortunately, only 50% of the costs have been reimbursed, which is causing significant financial strain and confusion for my ********* a policyholder with Delta Dental of Illinois, I have ensured my dental services are within the framework as per the guidelines provided in the Benefit Payment sections. However, the recent claims have been processed incorrectly, leading to unexpected out-of-pocket expenses (which I will highlight and specify in detail Exhibit A Below). This discrepancy between the policy terms and the actual coverage provided is unacceptable and needs immediate attention.I kindly request a thorough re-evaluation of the claims in question and a detailed explanation of why these services were not paid at the published 100% rate for ************************* services. Additionally, I urge Delta Dental of Illinois to honour the policy terms and reimburse the remaining Out-Of-Pocket costs as per the coverage agreement, in the amount of $846.00.I am also bringing this matter to the attention of the Illinois Department of Insurance and the Better Business Bureau to ensure that my concerns are addressed promptly and to prevent similar issues for other policyholders and my future dealings with Delta Dental of Illinois for the remainder of 2025.Thank you for your prompt attention to this matter. I look forward to a swift resolution.

[3] https://www.bbb.org/us/il/naperville/profile/dental-insurance/delta-dental-of-illinois-0654-11434/complaints

28

75.     This customer complaint also underscores that the complained of conduct is uniform and national in scope as Delta Dental undertook the same fraudulent conduct with respect to Plaintiff Walsh in New York, insured under a Delta New Jersey plan, as they did with the customer who wrote the complaint below ostensibly in Illinois insured under a Delta Illinois plan.

76.     Notably, while Delta Dental's responses to this customer are not publicly available due to HIPAA protections, it is clear from the customer's subsequent responses that Delta Dental failed to remedy this issue, as the last comment on the chain from the customer, which there is no record of Delta Dental having responded to, makes clear:

**Business Response**

**Date:** 03/27/2025

Hello. Please read the rejection response attached. Thank you.

👤 **Customer Answer**

**Date:** 03/27/2025

Complaint: 23083159

I am rejecting this response because:
I find it interesting that the attached document from ******* **** (Senior Counsel) outlines an example for all of us.  Let me attach what she sent me and allow the community to determine what is correct.  In what world does Delta Dental think the simple MATH in the below example is 100% covered for out-of-network?  I lay this out to you as PROOF, that they are NOT paying the 100% as they so insinuate they are.  This is as Blatant as you can get, they have an arbitrary "Allowed Amount" that they dictate and the industry does not all adhere to.  How is this legal?
BBB - Please review what was submitted to me and the example below from Delta Dental's Senior Counsel and advise your findings.
We provided an example of how this works below:
Amount Billed: $100
Allowed Amount: $70
Coverage 100%

Sincerely,

****** *******

77.    In another example, another customer complained[4] about Delta Dental's arbitrarily low and confidential out-of-network reimbursement rates, and, importantly, the fact that Delta Dental refuses to disclose their arbitrary out-of-network rates to its insureds:

---

[4] https://wallethub.com/profile/hi/delta-dental-13013831i



**Donna Maestas-De Vries**
June 13, 2025 • @demaestas11

★ ☆ ☆ ☆ ☆

I had a tooth extracted in May of 2025; the tooth was infected and had undergone two previous root canals. I used an out-of-network provider specializing in extractions and implants, as my dentist would have referred me to other specialists who were booked for months. I paid the out-of-network provider and filed a claim. Delta reimbursed me $32. When I called, they told me they only pay $65 for an extraction and do not reimburse for anesthesia. I do not believe that. I asked to see their fee schedule, and it is unrealistic that they are only paying in-network providers $65 and nothing for anesthesia for extractions. I was told that the fee schedule is an agreement between Delta and their in-network providers. They do not allow members to see it.

show less ∧

Product: Delta Dental Health Insurance

Comment 👍 0 👎 0

78.     Other consumer complaints[5] complain of the same practices by Delta Dental:



**Dennis L**
US • 3 reviews

Mar 18, 2025

★ ☆ ☆ ☆ ☆

HORRIBLE DENTAL INSURANCE!!

HORRIBLE DENTAL INSURANCE!!! STAY CLEAR

Switched to Delta Dental after 20 years with Aetna and its been horrible. Delta claims they pay 100% Out-of-Network for Preventative. Well, me and my family all got an Exam (1) and a cleaning (2) and they charged me over $100 per person in fee's!

It's supposed to be 100% covered, how the hell, do you bill me $100 for an exam and a cleaning!!!

Unacceptable and the BBB has been notified, i hope you guys go out of business!

March 10, 2025    Unprompted review

👍 Useful 2    ⤳ Share    ⚐

---

[5] https://www.trustpilot.com/review/www.deltadentalins.com

79.    In short, Delta Dental's representations regarding its coverage for out-of-network services is false and misleading, and its practice of failing to even disclose its arbitrarily low reimbursement rates to its insureds is an act of bad faith and further fraud.

80.    Delta Dental's conduct is also a breach of its contractual obligations with its insureds because it fails to honor its obligations to cover the specified percentage of out-of-network care.

## CLASS ALLEGATIONS

81.    Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> Any member of an ERISA-governed employer-sponsored Delta Dental plan who received out-of-network dental services and who paid more than the designated percentage of out-of-network treatment as set forth in their plan documents.

82.    Excluded from the Class are Defendants and their subsidiaries and affiliates; all employees of Defendants and their subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; Plaintiff's counsel and Defendant's counsel and members of their immediate families; and any judge to whom this case is assigned, including his/her immediate family and court staff.

83.    Members of the Class can be easily and objectively ascertained through the use of information contained in Defendants' files because Defendants adjudicated class members' claims.

84.    **Numerosity**: The members of the Class are so numerous and geographically dispersed that individual joinder of all Class Members is impracticable. While Plaintiff is informed and believes that there are likely hundreds of thousands of members of the Class, the precise number of Class Members is unknown to Plaintiff.

85.    **Commonality and Predominance**: This action involves common questions of law

and fact, which predominate over any questions affecting individual Class Members, including, without limitation:

a. Whether Defendants' acts in failing to cover the promised percentage of out-of-network dental care violated the terms of the ERISA Class's plans;

b. Whether Plaintiff and Class Members are entitled to equitable relief, including but not limited to, injunctive relief, restitution, and disgorgement; and,

c. Whether Plaintiff and the Class Members are entitled to actual, statutory, punitive, or other forms of damages, and other monetary relief.

86.    **Typicality**: Plaintiff is a member of the Classes and Plaintiff's claims are typical of the claims of all Class Members.  Plaintiff and all Class members were injured through Defendant's uniform misconduct, namely Defendant's failure to cover the percentage of out-of-network care that it promised to cover and assert the same claims.  Accordingly, Plaintiff's claims are typical of Class members' claims.

87.    **Adequacy**: Plaintiff is an adequate class representative because he is a member of the Classes, and his interests do not conflict with the interests of other Class Members that he seeks to represent.  Plaintiff is committed to pursuing this matter on behalf of the Classes with the Classes' collective best interest in mind.  Plaintiff has retained counsel with significant experience prosecuting complex class action cases of this type, and Plaintiff intends to prosecute this action vigorously.  Plaintiff, and his counsel, will fairly and adequately protect the Classes' interests.

88.    **Predominance and Superiority**: As described above, common issues of law or fact predominate over individual issues. Resolution of those common issues in Plaintiff's case will also resolve them for the Classes' claims. In addition, a class action is superior to any other available means for the fair and efficient adjudication of this controversy and no unusual

difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and other Class Members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, and it would be impracticable for members of the Classes to individually seek redress for Defendant's wrongful conduct. Even if Class Members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

89.    Plaintiff reserves the right to revise the foregoing class allegations and definitions based on facts learned and legal developments following additional investigation, discovery, or otherwise.

## CLAIMS FOR RELIEF

### COUNT I
### Denial of Benefits in Violation of ERISA § 502(a)(1)(B)

90.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

91.    Plaintiff brings this claim individually and on behalf of the ERISA Class.

92.    Under ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)), "[a] civil action may be brought-- . . .**(1)** by a participant or beneficiary-- **(B)** to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]"

93.    Plaintiff Walsh's Delta Dental PPO Plus Premier Plan, offered through his

employer, is an "employee welfare benefit plan" under ERISA. *Id.*

94.    Plaintiff Walsh is a participant and/or beneficiary under his plan.

95.    As set forth herein, Plaintiff Walsh, and the ERISA Class, were wrongfully denied a benefit owed under their respective plans. Delta Dental promised Plaintiff Walsh, and other members of the ERISA Class, that it would cover a specified percentage of out-of-network care.

96.    Relying on those stated percentages, Plaintiff Walsh sought and received out-of-network care. Delta Dental did not cover the specified percentage of their out-of-network care, instead covering an amount far lower than the stated percentage.

97.    That is because Delta Dental did not apply the stated percentages to the actual cost of the out-of-network care that Plaintiff Walsh received; instead, they applied the percentage to an undisclosed, proprietary, and arbitrary lower amount internally set by Delta Dental. Not only did Delta Dental not disclose these internally set rates to Plaintiff Walsh at any time prior to treatment, but Delta Dental would have refused to do so even if asked.

98.    As such, Delta Dental is required to cover the promised percentage of out-of-network care applied against the dentist's actual rate for the care, not its arbitrary, internally-set rates.

99.    As a result of Delta Dental's violation of ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)), Plaintiff Walsh, individually and on behalf of the Class, are entitled to recover benefits owed under the plan terms that were improperly denied, to enforce their rights under their respective plans, for an injunction preventing Delta Dental from continuing to engage in the above-mentioned illegal acts and practices, restitution, and attorneys' fees.

100.    Plaintiff Walsh was not required to exhaust his administrative remedies on grounds of futility. Where, as here, Delta Dental acted in bad faith, as set forth above, administrative

exhaustion is excused under ERISA.

**COUNT II**

**Breach of Fiduciary Duty in Violation of ERISA § 502(a)(3)**

101.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

102.    Plaintiff Walsh brings this claim individually and on behalf of the Class.

103.    Under ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3)), a civil action may be brought by "a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]"

104.    As set forth herein, Delta Dental is responsible for interpreting the terms of the health plans that they administer with respect to coverage for out-of-network dental care and making final and binding decisions about whether to approve coverage for said care.  As such, Delta Dental exercises discretionary authority with respect to the administration of the plans and the payment of plan benefits.  Delta Dental is therefore a fiduciary as defined by 29 U.S.C. §§ 1002(21)(A) and 1104(a).

105.    As an ERISA fiduciary, and pursuant to 29 U.S.C. § 1104(a), Delta Dental has a duty of loyalty to plan participants and beneficiaries that requires them to discharge their duties "solely in the interests of the participants and beneficiaries" of the plans they administer and for the "exclusive purpose" of providing benefits to participants and beneficiaries and paying reasonable expenses of administering the plans.

106.    Defendant also owes plan participants and beneficiaries a duty of care, which requires them to act with reasonable "care, skill, prudence, and diligence" and in accordance with

the terms of the plans, so long as such terms are consistent with ERISA.

107.    As set forth herein, Defendants violated these duties by wrongfully and deceitfully underpaying Plaintiff Walsh's claims for out-of-network treatment by failing to cover the promised percentage of the cost of the care and instead covering only a percentage of an undisclosed, proprietary, and arbitrary amount that is almost always far lower than the amount actually charged by the provider.  Delta Dental therefore designed a scheme under which to profit tremendously at the expense of the plan beneficiaries and participants to whom it owes a fiduciary duty.  In doing so, Delta Dental breached its fiduciary duties to Plaintiff Walsh and the Class.

108.    In devising the scheme set forth herein, Delta Dental did not act "solely in the interests of the participants and beneficiaries" for the "exclusive purpose" of "providing benefits." It did not use the "care, skill, prudence, and diligence" that ERISA demands of fiduciaries. It did not act in accordance with the terms of the Plaintiff Walsh's or the Class members' plans.

109.    Instead, Delta Dental elevated its own interests above the interests of the plan participants and beneficiaries.

110.    As a result of Delta Dental's actions, Plaintiff Walsh, and the ERISA Class, suffered a cognizable loss due to Delta Dental's failure to cover the promised percentage of out-of-network dental care.

111.    As a result of Delta Dental's actions, Plaintiff Walsh, and the ERISA Class, are entitled to all appropriate relief under ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3)), including but not limited to equitable restitution, disgorgement of ill-gotten gains, the imposition of a constructive trust over the funds retained by Delta Dental which should have been paid to cover out-of-network care, and injunctive relief preventing Delta Dental from continuing this conduct in the future.

112.    Plaintiff Walsh was not required to exhaust his administrative remedies on grounds of futility.  Where, as here, Delta Dental acted in bad faith, as set forth above, administrative exhaustion is excused under ERISA.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a)  For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure, naming Plaintiff as representative of the Class, and naming Plaintiff's attorneys as Class Counsel to represent the Class;

b)  For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

c)  For an order declaring that Defendants' conduct violates the laws referenced herein;

d)  For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e)  For an order of restitution and all other forms of equitable monetary relief;

f)  For an order enjoining Defendants from continuing the illegal practices detailed herein;

g)  For injunctive relief as pleaded or as the Court may deem proper;

h)  A Declaration that Defendants have breached their fiduciary duties under ERISA;

i)  For an order compelling Defendants to reprocess the claims for coverage for out-of-network dental care for the class period and issue appropriate benefits under the Plan;

j)  For an order permitting Plaintiff to recover benefits owed under the plan terms that were improperly denied, to enforce their rights under their respective plans, for an injunction preventing Delta Dental from continuing to engage in the above-mentioned illegal acts and practices, restitution, and attorneys' fees under ERISA;

k)  For an order granting Plaintiff equitable restitution, disgorgement of ill-gotten gains, the imposition of a constructive trust over the funds retained by Delta Dental which should have been paid to cover out-of-network care, and injunctive relief preventing Delta Dental from continuing this conduct in the future under ERISA;

l)  An award of pre-judgment interest; and

m) For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b)(1), Plaintiff demands a trial by jury of all issues so triable.

Dated: December 31, 2025                Respectfully submitted,

                                        By: */s/ Andrew J. Obergfell*
                                                Andrew J. Obergfell

                                        **BURSOR & FISHER, P.A.**
                                        Joseph I. Marchese
                                        Andrew J. Obergfell
                                        Israel Rosenberg
                                        1330 Avenue of the America, 32nd Floor
                                        New York, NY 10019
                                        Telephone: (646) 837-7150
                                        Facsimile: (212) 989-9163
                                        E-Mail: jmarchese@bursor.com
                                                aobergfell@bursor.com
                                                irosenberg@bursor.com

                                        *Attorneys for Plaintiff*