**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JENNIFER ESPER, ROBIN COHEN, and KEVIN WALSH, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>DELTA DENTAL PLANS ASSOCIATION, DELTA DENTAL INSURANCE COMPANY, DELTAUSA, DELTA DENTAL OF NEW YORK INC., DELTA DENTAL OF NEW JERSEY, INC., ARIZONA DENTAL INSURANCE SERVICE, INC., D/B/A DELTA DENTAL OF ARIZONA, DELTA DENTAL PLAN OF ARKANSAS, INC., DELTA DENTAL OF CALIFORNIA, COLORADO DENTAL SERVICE INC. D/B/A/ DELTA DENTAL OF COLORADO, DELTA DENTAL OF CONNECTICUT, DELTA DENTAL OF DELAWARE, INC., DELTA DENTAL OF THE DISTRICT OF COLUMBIA, HAWAII DENTAL SERVICE, DELTA DENTAL OF IDAHO, INC. D/B/A DELTA DENTAL OF IDAHO, DELTA DENTAL OF ILLINOIS, DELTA DENTAL OF INDIANA, INC., DELTA DENTAL OF IOWA, DELTA DENTAL OF KANSAS INC., DELTA DENTAL OF KENTUCKY, INC., MAINE DENTAL SERVICE CORPORATION, D/B/A DELTA DENTAL PLAN OF MAINE, DENTAL SERVICE OF MASSACHUSETTS INC. D/B/A DELTA DENTAL OF MASSACHUSETTS, DELTA DENTAL PLAN OF MICHIGAN, INC., DELTA DENTAL OF MINNESOTA, DELTA DENTAL OF MISSOURI, DELTA DENTAL OF NEBRASKA, DELTA DENTAL PLAN OF NEW HAMPSHIRE, INC., DELTA DENTAL PLAN OF NEW MEXICO, INC., DELTA DENTAL OF NORTH CAROLINA, DELTA DENTAL PLAN OF OHIO, INC., DELTA DENTAL PLAN OF OKLAHOMA, OREGON DENTAL SERVICE D/B/A DELTA DENTAL OF OREGON, DELTA DENTAL OF PENNSYLVANIA, DELTA DENTAL OF PUERTO RICO, INC., DELTA DENTAL OF RHODE ISLAND, DELTA DENTAL OF SOUTH DAKOTA, DELTA DENTAL OF | Case No. 1:25-cv-10801-DEH-VF<br><br>**FIRST AMENDED COMPLAINT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

1

TENNESSEE, DELTA DENTAL PLAN OF
VERMONT, INC., DELTA DENTAL OF VIRGINIA,
DELTA DENTAL OF WASHINGTON, DELTA
DENTAL PLAN OF WEST VIRGINIA, INC., DELTA
DENTAL OF WISCONSIN, INC., DELTA DENTAL
PLAN OF WYOMING D/B/A DELTA DENTAL OF
WYOMING,  ABC CORPORATION 1-40,

Defendants.

Plaintiffs Jennifer Esper ("Plaintiff Esper"), Robin Cohen (Plaintiff Cohen"), and Kevin

Walsh ("Plaintiff Walsh") (collectively "Plaintiffs") bring this action individually and on behalf

of all others similarly situated against Defendants Delta Dental Plans Association, Delta Dental

Insurance Company, DeltaUSA, Delta Dental of New York, Inc. ("Delta New York"), Delta

Dental of New Jersey, Inc. ("Delta New Jersey"), Arizona Dental Insurance Service, Inc., d/b/a

Delta Dental of Arizona ("Delta Arizona"), Delta Dental Plan of Arkansas, Inc. ("Delta

Arkansas"), Delta Dental of California ("Delta California"), Colorado Dental Service Inc. d/b/a/

Delta Dental of Colorado ("Delta Colorado"), Delta Dental of Connecticut ("Delta Connecticut"),

Delta Dental of Delaware, Inc., Delta Dental of the District of Columbia ("Delta DC"), Hawaii

Dental Service ("Delta Hawaii"), Delta Dental of Idaho, Inc. d/b/a Delta Dental of Idaho ("Delta

Idaho"), Delta Dental of Illinois ("Delta Illinois"), Delta Dental of Indiana, Inc. ("Delta Indiana"),

Delta Dental of Iowa ("Delta Iowa"), Delta Dental of Kansas Inc. ("Delta Kansas"), Delta Dental

of Kentucky, Inc. ("Delta Kentucky"), Maine Dental Service Corporation, d/b/a Delta Dental Plan

of Maine ("Delta Maine"), Dental Service of Massachusetts Inc. d/b/a Delta Dental of

Massachusetts ("Delta Massachusetts"), Delta Dental Plan of Michigan, Inc. ("Delta Michigan"),

Delta Dental of Minnesota ("Delta Minnesota"), Delta Dental of Missouri ("Delta Missouri"),

Delta Dental of Nebraska ("Delta Nebraska"), Delta Dental Plan of New Hampshire, Inc. ("Delta

New Hampshire"), Delta Dental Plan of New Mexico, Inc. ("Delta New Mexico"), Delta Dental

2

of North Carolina ("Delta North Carolina"), Delta Dental Plan of Ohio, Inc. ("Delta Ohio"), Delta

Dental Plan of Oklahoma ("Delta Oklahoma"), Oregon Dental Service d/b/a Delta Dental of

Oregon ("Delta Oregon"), Delta Dental of Pennsylvania ("Delta Pennsylvania"), Delta Dental of

Puerto Rico, Inc. ("Delta Puerto Rico"), Delta Dental of Rhode Island ("Delta Rhode Island"),

Delta Dental of South Dakota ("Delta South Dakota"), Delta Dental of Tennessee ("Delta

Tennessee"), Delta Dental Plan of Vermont, Inc. ("Delta Vermont"), Delta Dental of Virginia

("Delta Virginia"), Delta Dental of Washington ("Delta Washington"), Delta Dental of Wisconsin,

Inc. ("Delta Wisconsin"), Delta Dental Plan of Wyoming d/b/a Delta Dental of Wyoming ("Delta

Wyoming") and ABC Corporation 1-40 (collectively "Delta Dental" or "Defendants").  Plaintiffs

make the following allegations pursuant to the investigation of their counsel and based upon

information and belief, except as to the allegations specifically pertaining to themselves, which are

based on personal knowledge.

## NATURE OF THE ACTION

1.      This is a class action lawsuit on behalf of all people insured under a Delta Dental

insurance plan who paid more for out-of-network dental care than they should have because of

Delta Dental's policy of falsely and misleadingly misrepresenting that it would cover a certain

percentage of the cost of out-of-network treatment (i.e. 50-100% depending on the service) when

it fact it covers far less than the stated percentage.  Said another way, when Delta Dental tells

policy holders that it will cover a certain percentage of the cost of out-of-network dental services

and/or products, what it really means is that it will cover a percentage of a proprietary, lower,

internal price set by Delta Dental, irrespective of what the provider actually charges the insured.

This proprietary internal number is completely arbitrary and decided on exclusively by Delta

Dental for its own benefit.  Through this scheme, Delta Dental has profited tremendously at the

expense of its insureds, who are left holding the bag for often exceptionally high dental bills.

2.      Worse yet, even if a customer were aware that Delta Dental only covers a percentage of its internally set price, Delta Dental refuses to disclose said price to insureds, even if they ask for it.  Therefore, it is impossible for insured members to determine what they will actually pay for out-of-network dental services and/or products.

3.      This practice is common among all Delta Dental entities and is uniform throughout the United States.  Delta Dental engages in this unlawful conduct across its various insurance offerings throughout the United States, resulting in Plaintiffs and class members paying considerably more for out-of-network dental care than they should have.

4.      For example, Plaintiff Esper, through her employer, is enrolled in a Delta Dental PPO Plus Premier plan.  On February 12, 2025, Plaintiff Esper visited an out-of-network provider and underwent three procedures, each involving preventative care.  Delta New Jersey acknowledged that two of the three services, a periodic oral evaluation and prophylaxis, were covered under the plan.  The provider submitted amounts of $100.00 for the periodic oral evaluation and $151.00 for prophylaxis.  Delta New Jersey approved both of these amounts.  Under Plaintiff Esper's plan, Delta New Jersey is obligated to cover 100% of the cost (0% out of pocket for Ms. Esper) of out-of-network dental services for both periodic exams and prophylaxis.  But in fact, Plaintiff Esper did not pay 0%, she paid $91.00.  That is because Delta New Jersey did not cover 100% of the cost as it promised, it covered 100% of its arbitrary, undisclosed prior to treatment, lower internal prices of $60.00 for periodic oral evaluation and $100.00 for prophylaxis.  That is improper and contrary to the express terms of Plaintiff Esper's policy.  Delta Dental did not disclose these pre-determined lower rates to Plaintiff Esper and did not cover the percentage of out-of-network care that it promised to.  Plaintiff timely formally appealed Delta New Jersey's

4

failure to cover the promised percentage of out-of-network care, which Delta New Jersey, in conjunction with Delta Connecticut, summarily denied.

5.    Plaintiff Cohen is enrolled in a Delta Dental PPO Plus Premier plan through a health plan offered by her employer; the plan is a local Board of Education government plan.  On May 27, 2025, Plaintiff Cohen visited an out-of-network provider and underwent two procedures coded "Crown – porcelain fused to high noble metal" and "Core buildup, including any pins."  Under Ms. Cohen's plan, Delta New Jersey was required to cover 80% of the cost of both services.  But in fact, Delta New Jersey did not cover 80% of the cost.  Despite approving the provider's rates of $2,350.00 for the crown procedure and $450.00 for the core buildup procedure, Delta New Jersey only covered approximately 27% of the cost of both procedures.  Specifically, for the crown procedure, Delta New Jersey approved the dentist's charge of $2,350.00. Therefore, applying the 80% coverage (20% out-of-pocket) methodology as set forth in Ms. Cohen's policy and Benefit Levels chart, Delta New Jersey should have covered $1,880.00. However, Delta New Jersey appears to have covered 80% of $800, which is its arbitrary, undisclosed prior to treatment, lower internal price set by Delta Dental.  Delta New Jersey did the same thing for the core buildup procedure, it approved the dentist's charge of $450.00, acknowledged its obligation to cover 80% of that charge, but then failed to cover 80% of the charge.  Instead of covering 80% of $450.00 like it promised to, Delta New Jersey covered only 80% of $155.00, which is its arbitrary, undisclosed prior to treatment, lower internal price set by Delta Dental.  As such, Ms. Cohen overpaid by $236.00.  In total, for both procedures, Ms. Cohen overpaid by $1,476.00.

6.    As another example, on June 18, 2025, Plaintiff Cohen visited an out-of-network provider and underwent a procedure coded as "Core buildup, including any pins."  Under Ms. Cohen's plan, Delta New Jersey was required to cover 80% of the cost of this service.  Delta New

Jersey approved the provider's submitted amount of $475.00.  Nevertheless, Delta New Jersey did not cover 80% of the cost as it promised; rather, it paid only $124.00, approximately 27% of the cost.  Delta New Jersey should have covered $380.00. However, Delta Dental appears to have covered 80% of $155.00, which is its arbitrary, undisclosed prior to treatment, lower internal price set by Delta Dental.  As a result, Ms. Cohen overpaid by $256.00.

7. Ms. Cohen timely formally appealed Delta New Jersey's failure to cover the promised percentage of out-of-network care for these and other procedures, which Delta New Jersey, in conjunction with Delta Connecticut, summarily denied.

8. Plaintiff Walsh, through his employer, is enrolled in a Delta Dental PPO plan.  On August 1, 2024, Plaintiff Walsh visited an out-of-network provider and underwent three procedures, each involving preventative care and imaging.  The provider submitted amounts of $254.00 for two of the procedures (comprehensive oral exam and prophylaxis), and the third for $352.00 (complete set of radiographic images).  Under Plaintiff's plan, he is supposed to pay 0% for basic dental services including exams, cleanings, x-rays, and sealants.  But in fact, Plaintiff did not pay 0%, he paid $230.00.  Delta New Jersey approved the provider's rates but paid only a portion of the rate because the provider's charged amount exceeded Delta Dental's proprietary internal pricing.

9. Even if Delta New Jersey regarded this treatment as "Basic Services" (which they are not, they are clearly preventative and diagnostic), Plaintiff still overpaid.  Under Plaintiff's plan, Delta Dental is obligated to cover 80% of the cost of "Basic Services."  Here, however, Delta Dental covered only $630 of the $860.00 approved total, about 73% of the total. Therefore, no matter what, Plaintiff overpaid.

10. Because it is clear that Delta Dental will not honor its obligation to cover the stated

6

percentage of out-of-network care, as evidenced by the summary denials of the appeals of Plaintiffs Esper and Plaintiff Cohen, an appeal by Mr. Walsh would be futile.

11.    Moreover, as outlined above and herein, Delta Dental obfuscates its practices regarding its coverage of out-of-network treatment, does not disclose that it basis its percentages off of undisclosed internal prices, and generally misrepresents the nature of its coverage, it frustrated the appeals process because consumers cannot readily discern that Delta Dental has failed to honor its obligations.  Therefore, any internal exhaustion requirements are excused.

12.    Plaintiffs bring this action on behalf of themselves and those similarly situated for damages to recover the money they paid in excess of what Delta Dental promised to cover and to enjoin Delta Dental from continuing its unlawful conduct by covering the stated percentage for out-of-network dental care, or, at minimum, disclosing its internal proprietary prices to insured members so they can make an informed decision as to the true cost of out-of-network care.

## PARTIES

13.    Plaintiff Esper resides in Mount Vernon, New York.  At all material times, Plaintiff Esper was enrolled in a Delta Dental PPO Plus Premier plan offered through her employer which is governed by the Employee Retirement Income Security Act ("ERISA"). The plan is administered through Delta New Jersey.  Per the policy terms, Ms. Esper is covered for out-of-network dental services. Specifically, Ms. Esper is covered under the policy for 100% of the cost (0% out of pocket for Ms. Esper) for bitewing x-rays, comprehensive and periodic exams, full mouth debridement, full mouth x-ray, problem focused limited evaluations, panoramic x-rays, and prophylaxis. Further, Ms. Esper is covered under the policy for 80% of the cost (20% out of pocket for Ms. Esper) for amalgam, endodontics, general anesthesia, IV sedation, occlusal guard, oral surgery/surgical extractions, perio maintenance, posterior resin, root plane/scale, silver fillings,

simple extractions, and surgical perio. Finally, Ms. Esper is covered under the policy for 50% of the cost (50% out of pocket) for dental crowns, dentures and partials, fixed partial dentures, implant crowns, implants, orthodontics, orthotic devices, and TMJ treatment.

14.    However, Delta Dental did not live up to its agreement to cover the promised percentage of out-of-network care, specifically to cover 100% of out-of-network preventative and diagnostic care, as evidenced by the fact that on at least one occasion, Plaintiff Esper paid $91.00 out-of-pocket for preventative care that should have been covered 100% by Delta Dental.  Because of Delta Dental's undisclosed and proprietary internal price rubrics, Delta Dental did not cover the percentages that it promised to for any level of out-of-network dental care.

15.    Plaintiff Esper timely formally appealed said claims determination, which Delta New Jersey, in conjunction with Delta Connecticut, summarily denied.

16.    Plaintiff Cohen resides in Philadelphia, Pennsylvania.  At all material times, Plaintiff Cohen was enrolled in a PPO Plus Premier plan through her employer, a local government entity.  Therefore, Ms. Cohen's plan is exempt from ERISA because government plans (including those offered by state and local governments) are exempt from ERISA.  The plan is administered through Delta New Jersey.  Per the policy terms, Ms. Cohen is covered for out-of-network dental services. Specifically, Ms. Cohen is covered under the policy for 100% of the cost (0% out of pocket for Ms. Cohen) for diagnostic dental services, oral evaluation, diagnostic x-rays, intraoral images (complete series), panoramic images, preventive dental, dental prophylaxis, and fluoride treatments. Further, Ms. Cohen is covered under the policy for 80% of the cost (20% out of pocket for Ms. Cohen) for, *inter alia*, restorative services, dental crowns, endodontics, and periodontics.

17.    However, Delta Dental did not live up to its agreement to cover the promised percentage of out-of-network care.  As outlined above, for treatment Plaintiff Cohen received on

8

May 27, 2025 and June 18, 2025, Delta Dental covered far less than the 80% of the cost of the out-of-network care that it promised to cover.

18.    Additionally, on May 7, 2025, Plaintiff Cohen received out-of-network treatment coded "gingivectomy/gingvoplasty-1-3 teeth/quad."  Delta Dental acknowledged its obligation to cover 80% of the cost of this procedure and approved the provider's charge of $750.00.  However, Delta Dental did not cover 80% of the cost.  Delta Dental only covered approximately 19% of the cost.  Applying the 80% coverage (20% out-of-pocket) methodology as set forth in Ms. Cohen's policy, Delta Dental should have covered $600.00.  However, Delta Dental appears to have covered 80% of $174.00, which is its arbitrary, undisclosed prior to treatment, lower internal price set by Delta Dental.  As such, Ms. Cohen overpaid by $460.80.

19.    Similarly, on April 9, 2025, Plaintiff Cohen received out-of-network treatment coded "porcelain/ceramic substrate."  Delta Dental acknowledged its obligation to cover 80% of the cost of this procedure and approved the provider's charge of $2,350.  However, Delta Dental did not cover 80% of the cost.  Delta Dental only covered approximately 27% of the cost.  Applying the 80% coverage (20% out-of-pocket) methodology as set forth in Ms. Cohen's policy, Delta Dental should have covered $1,880.00. However, Delta Dental appears to have covered 80% of $790.00, which is its arbitrary, undisclosed prior to treatment, lower internal price set by Delta Dental.  As such, Ms. Cohen overpaid by $1,248.00.

20.    In total, across the various claims referenced above, Ms. Cohen overpaid by $3,440.80.

21.    Plaintiff Cohen timely formally appealed each of the above-referenced claims determinations, each of which were summarily denied by Delta Dental.

22.    Plaintiff Walsh resides in New York, New York.  For benefit years 2024 and 2025,

9

Plaintiff Walsh is and was enrolled in Delta Dental's PPO Plus Premier Plan through his employer. Mr. Walsh's Delta Dental insurance plan is administered by Delta New Jersey.

23.     At all material times, Plaintiff Walsh's plan provided that Delta Dental would cover 100% (and Plaintiff would pay 0%) for out-of-network preventative and diagnostic care and 80% (and Plaintiff would pay 20%) for out-of-network basic services.

24.     However, Delta Dental did not live up to its agreement to cover 100% of out-of-network preventative and diagnostic care, as evidenced by the fact that on at least one occasion, Plaintiff paid $230.00 out-of-pocket for preventative and diagnostic care despite using his insurance. Because of Delta Dental's undisclosed and proprietary internal price rubrics, Delta Dental did not cover the percentages that it promised to for any level of out-of-network dental care.

25.     Mr. Walsh is excused from administratively appealing his claim determination because, as evidenced by Delta Dental's summary denial of Plaintiffs Esper and Cohen's identical appeals, any such appeal would be futile. Mr. Walsh's appeal would have been identical to those of Plaintiff Esper and Plaintiff Cohen in that it is the exact same practice and exact same wrongdoing, and therefore Delta's denial of Plaintiff Esper and Plaintiff Cohen's appeals conclusively demonstrate that an appeal would have been futile.

26.     Additionally, any appeal by Mr. Walsh would have been futile because of Delta Dental's bad faith. It is settled that "where the plan fiduciary has acted in bad faith or in breach of its fiduciary duties, federal courts have invoked the futility doctrine and waived exhaustion as a precondition for judicial review under ERISA." *De Pace v. Matsushita Elec. Corp. of Am.*, 257 F. Supp. 2d 543, 560 (E.D.N.Y. 2003); *MacLennan v. Provident Life & Acc. Ins. Co*., 676 F. Supp. 2d 57, 66 (D. Conn. 2009) (noting "improper behavior in reviewing claims" grounds for finding of futility). Here, Delta Dental engaged in a scheme to underpay for out-of-network treatment by

deceptively paying out-of-network claims based on a percentage of an undisclosed, arbitrary fee far lower than the amount charged by the provider. This action was undertaken in bad faith by Delta Dental, and it has no intention of actually delivering on its promise to cover its stated percentages for out-of-network care. Therefore, Plaintiff Walsh is entitled to the futility exception to administrative exhaustion under ERISA.

27. Moreover, Delta Dental frustrated the appeals process because it obfuscated its practices regarding its coverage of out-of-network treatment, did not disclose that it bases its percentages off of undisclosed internal prices, and generally misrepresents the nature of its coverage.

28. Defendant Delta Dental Plans Association is located at 1515 22nd St # 450, Oak Brook, IL 60523. Throughout the class period, Delta Dental Plans Association was comprised of and managed by a network of Delta Dental state insurers, set forth below. Defendant Delta Dental Plans Association was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which Plaintiffs and/or class members were enrolled.

29. DeltaUSA is located at 1515 W 22$_{nd}$ Street, Suite 450, Oak Brook, IL 60523. DeltaUSA is a subsidiary of Delta Dental Plans Association and facilitates Defendants' ability to centrally administer their national and multi-state dental insurance programs. DeltaUSA was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which Plaintiffs and/or class members were enrolled.

30. Delta Dental Insurance Company is located at P.O. Box 2059 Mechanicsburg, PA 17055-2059. Delta Dental Insurance Company is the Delta Dental licensee for Alabama, Florida,

11

Georgia, Louisiana, Mississippi, Montana, Nevada, Texas, and Utah.  Defendant Delta Dental Insurance Company was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which Plaintiffs and/or class members were enrolled.  Delta Dental Insurance Company routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

31.     Defendant Delta Dental of New Jersey, Inc. is located at P.O. Box 222, Parsippany, NJ 07054.  Delta New Jersey also has an address located at P.O. Box 16354, Little Rock, AR 72231. Delta New Jersey is the Delta Dental licensee for New Jersey.  Plaintiffs' policies, provided through their employers, were offered through Delta New Jersey, in conjunction with other Delta Dental licensees (such as Delta Connecticut).  Defendant Delta New Jersey was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which Plaintiffs and/or class members were enrolled.  Delta New Jersey routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

32.     Delta Dental of New York Inc. is located at P.O. Box 2105 Mechanicsburg, PA 17055-6999.  Delta New York is the Delta Dental licensee for New York.  Delta New York worked in conjunction with Delta New Jersey to provide Plaintiffs' dental coverage on behalf of Delta Dental.  Defendant Delta New York was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which Plaintiffs and/or class members were enrolled.  Delta New York routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

33.     Arizona Dental Insurance Service, Inc., d/b/a Delta Dental of Arizona ("Delta Arizona") is located at P.O. Box 43026 Phoenix, AZ 85080.  Delta Arizona is the Delta Dental licensee for Arizona.  Defendant Delta Arizona was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Delta Arizona routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

34.     Delta Dental Plan of Arkansas, Inc. is located at P.O. Box 15965 N. Little Rock, AR 72231-5965.  Delta Arkansas is the Delta Dental licensee for Arkansas.  Defendant Delta Arkansas was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Delta Arkansas routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

35.     Delta Dental of California is located at P.O. Box 997330 Sacramento, CA 95899-7330.  Delta California is the Delta Dental licensee for California.  Defendant Delta California was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Delta California routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

36.     Colorado Dental Service Inc. d/b/a/ Delta Dental of Colorado.  Delta Colorado is the Delta Dental licensee for Colorado.  Defendant Delta Colorado was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members

were enrolled. Delta Colorado routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

37.     Delta Dental of Connecticut is a subsidiary of Delta Dental of New Jersey, Inc. Delta Connecticut shares an address with Delta New Jersey. Delta Connecticut is the Delta Dental licensee for Connecticut. Defendant Delta Connecticut was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Delta Connecticut routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

38.     Delta Dental of Delaware, Inc. shares an address with Delta Dental of Pennsylvania. Delta Delaware is the Delta Dental licensee for Delaware. Defendant Delta Delaware was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Delta Delaware routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

39.     Delta Dental of the District of Columbia shares an address with Delta Dental of Pennsylvania. Delta DC is the Delta Dental licensee for the District of Columbia. Defendant Delta DC was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Delta DC routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

40.     Hawaii Dental Service is located at 700 Bishop Street, Suite 700, Honolulu, HI 96813. Delta Hawaii is the Delta Dental licensee for Hawaii. Defendant Delta Hawaii was

involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Delta Hawaii routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

41.    Delta Dental of Idaho, Inc. d/b/a Delta Dental of Idaho is located at P.O. Box 2870 Boise, ID 83701. Delta Idaho is the Delta Dental licensee for Idaho. Defendant Delta Idaho was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Delta Idaho routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

42.    Delta Dental of Illinois is located at P.O. Box 5402 Lisle, IL 60532. Delta Illinois is the Delta Dental licensee for Illinois. Defendant Delta Illinois was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Delta Illinois routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

43.    Delta Dental of Indiana, Inc. is located at P.O. Box 9085, Farmington Hills, MI 48333-9085. Delta Indiana is the Delta Dental licensee for Indiana. Defendant Delta Indiana was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Delta Indiana routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

44.    Delta Dental of Iowa is located at P.O. Box 9000 Johnston, IA 50131-9000. Delta

Iowa is the Delta Dental licensee for Iowa. Defendant Delta Iowa was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Delta Iowa routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

45.    Delta Dental of Kansas Inc. is located at 1619 N. Waterfront Parkway, P.O. Box 789769 Wichita, KS 67278-9769. Delta Kansas is the Delta Dental licensee for Kansas. Defendant Delta Kansas was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Delta Kansas routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

46.    Delta Dental of Kentucky, Inc. is located at P.O. Box 242810, Louisville, KY 40224-2810. Delta Kentucky is the Delta Dental licensee for Kentucky. Defendant Delta Kentucky was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Delta Kentucky routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

47.    Maine Dental Service Corporation, d/b/a Delta Dental Plan of Maine is located at P.O. Box 2002 Concord, NH 03302-2002. Maine Dental Service Corporation is the Delta Dental licensee for Maine. Defendant Delta Maine was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Delta Maine routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

16

48.     Dental Service of Massachusetts Inc. d/b/a Delta Dental of Massachusetts is located at P.O. Box 2907, Milwaukee, WI 53201. Delta Massachusetts is the Delta Dental licensee for Massachusetts. Defendant Delta Massachusetts was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Delta Massachusetts routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

49.     Delta Dental Plan of Michigan, Inc. is located at 4100 Okemos Road, Okemos, MI 48864. Delta Michigan is the Delta Dental licensee for Michigan. Defendant Delta Michigan was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Delta Michigan routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

50.     Delta Dental of Minnesota is located at P.O. Box 59238, Minneapolis, MN 55459-0238. Delta Minnesota is the Delta Dental licensee for Minnesota and North Dakota. Defendant Delta Minnesota was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Delta Minnesota routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

51.     Delta Dental of Missouri is located at P.O. Box 8690 St. Louis, MO 63126-0690. Delta Missouri is the Delta Dental licensee for Missouri and South Carolina. Defendant Delta Missouri was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental

17

insurance plans in which class members were enrolled. Delta Missouri routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

52.    Delta Dental of Nebraska is located at P.O. Box 245, Minneapolis, MN 55440-0245. Delta Nebraska is the Delta Dental licensee for Nebraska. Defendant Delta Nebraska was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Delta Nebraska routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

53.    Delta Dental Plan of New Hampshire, Inc. is located at P.O. Box 2002 Concord, NH 03302-2002. Delta New Hampshire is the Delta Dental licensee for the state of New Hampshire. Defendant Delta New Hampshire was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Delta New Hampshire routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

54.    Delta Dental Plan of New Mexico, Inc. is located at 2500 Louisiana Blvd., N.E. Suite 600 Albuquerque, NM 87110. Delta New Mexico is the Delta Dental licensee for New Mexico. Defendant Delta New Mexico was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Delta New Mexico routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

55.    Delta Dental of North Carolina is located at P.O. Box 9085 Farmington Hills, MI

48333-9085. Delta North Carolina is the Delta Dental licensee for North Carolina. Defendant Delta North Carolina was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Delta North Carolina routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

56.    Delta Dental Plan of Ohio, Inc. is located at P.O. Box 9085 Farmington Hills, MI 48333-9085. Delta Ohio is the Delta Dental licensee for Ohio. Defendant Delta Ohio was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Delta Ohio routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

57.    Delta Dental Plan of Oklahoma is located at P.O. Box 548809 Oklahoma City, OK 73154-8809. Delta Oklahoma is the Delta Dental licensee for Oklahoma. Defendant Delta Oklahoma was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Delta Oklahoma routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

58.    Oregon Dental Service d/b/a Delta Dental of Oregon is located at 601 SW 2nd Avenue Portland, OR 97204. Delta Oregon is the Delta Dental licensee for Oregon and Alaska. Defendant Delta Oregon was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which class members were enrolled. Delta Oregon routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

19

59.     Delta Dental of Pennsylvania is located at P.O. Box 2105 Mechanicsburg, PA 17055-6999.  Delta Pennsylvania is the Delta Dental licensee for Pennsylvania and Maryland. Defendant Delta Pennsylvania was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or was involved in providing or administering Delta Dental insurance plans in which class members were enrolled.   Delta Pennsylvania routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

60.     Delta Dental of Puerto Rico, Inc. is located at P.O. Box 9020992 San Juan, PR 00902-0992.  Delta Puerto Rico is the Delta Dental licensee for Puerto Rico.  Defendant Delta Puerto Rico was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or was involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Delta Puerto Rico routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

61.     Delta Dental of Rhode Island is located at P.O. Box 1517, Providence, RI 02901-1517.  Delta Rhode Island is the Delta Dental licensee for Rhode Island.  Defendant Delta Rhode Island was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or was involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Delta Rhode Island routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

62.     Delta Dental of South Dakota is located at P.O. Box 1157 Pierre, SD 57501.  Delta South Dakota is the Delta Dental licensee for South Dakota.  Defendant Delta South Dakota was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or was involved in providing or administering Delta Dental insurance plans

20

in which class members were enrolled.  Delta South Dakota routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

63.    Delta Dental of Tennessee is located at 240 Venture Circle Nashville, TN 37228-1699.  Delta Tennessee is the Delta Dental licensee for Tennessee.  Defendant Delta Tennessee was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or was involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Delta Tennessee routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

64.    Delta Dental Plan of Vermont, Inc. is located at P.O. Box 2002 Concord, NH 03302-2002.  Delta Vermont is the Delta Dental licensee for Vermont.  Defendant Delta Vermont was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or was involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Delta Vermont routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

65.    Delta Dental of Virginia is located at 4818 Starkey Rd., Roanoke, VA 24018-8510. Delta Virginia is the Delta Dental licensee for Virginia.  Defendant Delta Virginia was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or was involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Delta Virginia routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

66.    Delta Dental of Washington is located at P.O. Box 75983 Seattle, WA 98175.  Delta Washington is the Delta Dental licensee for Washington.  Defendant Delta Washington was involved with designing the Delta Dental policies, determining the proprietary out-of-network

21

payment amounts, and/or was involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Delta Washington routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

67.    Delta Dental Plan of West Virginia, Inc. shares an address with Delta Pennsylvania. Delta West Virginia is the Delta Dental licensee for West Virginia.  Defendant Delta West Virginia was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or was involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Delta West Virginia routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

68.    Delta Dental of Wisconsin, Inc. is located at P.O. Box 828 Stevens Point, WI 54481.  Delta Wisconsin is the Delta Dental licensee for Wisconsin.  Defendant Delta Wisconsin was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or was involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Delta Wisconsin routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

69.    Delta Dental Plan of Wyoming d/b/a Delta Dental of Wyoming is located at P.O. Box 29 Cheyenne, WY 82003-0029.  Delta Wyoming is the Delta Dental licensee for Wyoming. Defendant Delta Wyoming was involved with designing the Delta Dental policies, determining the proprietary out-of-network payment amounts, and/or was involved in providing or administering Delta Dental insurance plans in which class members were enrolled.  Delta Wyoming routinely failed to cover the promised percentage of out-of-network care as promised in its plans.

70.    ABC Corporation 1-40 are other Delta Dental licensees or other affiliated Delta Dental entities that were involved with designing the Delta Dental policies, determining the

proprietary out-of-network payment amounts, and/or were involved in providing or administering Delta Dental insurance plans in which Plaintiffs and/or class members were enrolled. ABC Corporation 1-40 were involved in Delta Dental routinely failing to cover the promised percentage of out-of-network care as promised in its plans. The identity of said entities is currently unknown to Plaintiffs but is known by Delta Dental.

## JURISDICTION AND VENUE

71. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 29 U.S. Code § 1132, 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendants, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

72. This Court has personal jurisdiction over Defendants because each Defendant has purposefully availed itself of the New York markets and Plaintiffs' claim arises out of Defendants' forum-based conduct. Each Defendant has sufficient minimum contacts with New York to warrant the exercise of personal jurisdiction over each Defendant. Further, this Court has general personal jurisdiction over Delta Dental of New York, Inc. because it is a corporation formed under the laws of New York and therefore is domiciled in New York.

73. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Delta Dental of New York, Inc. is incorporated in New York and because many of the acts and transactions giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

### A. Background on Delta Dental

74. Delta Dental is comprised of predominately not-for-profit entities that provide

insurance plans for dental services and products in their respective states or multi-state areas, as set forth above. Delta New Jersey provides insurance plans for dental services and products in the State of New Jersey. Also, where a company has numerous locations across various states (or territories), the Delta state entity (such as Delta New Jersey and Delta New York) in which the employer is primarily located provides the insurance plan and then works in conjunction with Delta state entities in other states to administer the plan.

75. Through the insurance plans they offer and administer, Delta New Jersey and the various other Delta state entities reimburse the cost of dental goods and services provided to dental patients across the United States by dental providers.

76. The earliest state-specific Delta Dental entities were created in approximately 1954 when dental service corporations were formed in states such as California, Oregon and Washington. A dental service corporation is a legally constituted not-for-profit organization, incorporated on a state-by-state basis, that negotiates and administers contracts for dental care. These corporations were created in response to requests from entities (such as workers unions) wishing to obtain a comprehensive plan for dental services for their members, and with the aim of increasing public access to oral health care. The dental service plans offered by the dental service corporations were intended to provide full payment to dental service providers, with no additional payment required from a patient for their treatment beyond an agreed copayment or deductible.

77. In the 1960s, there was an increase in the number of state dental association-sponsored service corporations, and in the size of the groups or entities requesting dental care plans from the corporations. In response, in 1966, the National Association of Dental Service Plans (later renamed as the "Delta Dental Plans Association") was created to bring together and coordinate the Delta Dental state insurance entities (such as Delta New Jersey and analog state

24

entities). From its creation, Delta Dental Plans Association worked to coordinate dental benefit programs for Delta Dental customers (and potential customers) that had employees in multiple states by allocating their insurance business (and potential business) to different Delta Dental state insurance entities based on the states or territories in which the customer's employees were based.

78.    Coverage was provided this way until the late 1980s when Delta Dental of California won the bid for the Office of the Civilian Health and Medical Program of the Uniformed Services program. To centralize administration of this very large account, the Delta Dental state insurers agreed to share their provider data through the Delta Dental Plans Association. This led to the creation of the National Provider File, which was made available for commercial accounts in 1990 via Delta USA, and which provided Delta Dental coverage to organizations with employees and subscribers located in multiple states.

B. **Dental Plans Offered by Defendants**

79.    Delta Dental Plans Association currently offers five dental plans through the Delta Dental state insurers: (1) Delta Dental Premier, (2) Delta Dental PPO, (3) DeltaCare USA (HMO), (4) Delta Dental PPO Plus Premier, and (5) Deta Dental Patient Direct[1]:

a. Delta Dental PPO provides access to Delta Dental's network of dentists who accept reduced fees for covered services, allowing for lower out-of-pocket costs. Delta Dental PPO is Delta Dental's third largest provider network.  It is a mid-priced plan.  The Delta Dental PPO plan provides coverage for out-of-network care.  Regardless of what state the plan is offered in, the Delta Dental PPO plan promises to cover a certain percentage of the cost of out-of-network care, usually between 50-100% depending on the service, but in fact fails to do so.  For Delta Dental PPO plans, Delta Dental sets proprietary and

---

[1] https://www.deltadental.com/us/en/product/individual-and-family.html

confidential out-of-network rates for out-of-network providers which it does not make available to its insureds, even upon request, which are far lower than the amount actually charged. Also for all iterations of Delta Dental PPO plans, Delta Dental specifies a certain percentage of the fee that it will cover for out-of-network care, but in fact does not actually cover that percentage because, unbeknownst to consumers, it only covers a percentage of its proprietary, arbitrary, internally-set lower fee, and not the actual fee charged by the provider.

b. Delta Dental Premier is Delta Dental's original fee-for-service plan that offers the largest network of dentists. Network dentists agree to contracted fees with Delta Dental so consumers pay only copay and deductible when visiting network dentists. Delta Dental Premier is Delta Dental's second largest provider network and second most expensive plan. The Delta Dental Premier plan provides coverage for out-of-network care. Regardless of what state the plan is offered in, the Delta Dental Premier plan promises to cover a certain percentage of the cost of out-of-network care, usually between 50-100% depending on the service, but in fact fails to do so. For Delta Dental Premier plans, Delta Dental sets proprietary and confidential out-of-network rates for out-of-network providers which it does not make available to its insureds, even upon request, which are far lower than the amount actually charged. Also for all iterations of Delta Dental Premier plans, Delta Dental specifies a certain percentage of the fee that it will cover for out-of-network care, but in fact does not actually cover that percentage because, unbeknownst to consumers, it only covers a percentage of its proprietary, arbitrary, internally-set lower fee, and not the actual fee charged by the provider.

c.  Delta Dental PPO Plus Premier combines the Delta Dental PPO and Delta Dental Premier networks into one plan. Delta Dental PPO Plus Premier offers the largest possible network but is also Delta Dental's most expensive plan. The Delta Dental PPO Plus Premier plan provides coverage for out-of-network care. Regardless of what state the plan is offered in, the Delta Dental PPO Plus Premier plan promises to cover a certain percentage of the cost of out-of-network care, usually between 50-100% depending on the service, but in fact fails to do so. For Delta Dental PPO Plus Premier plans, Delta Dental sets proprietary and confidential out-of-network rates for out-of-network providers which it does not make available to its insureds, even upon request, which are far lower than the amount actually charged by the provider. Also, for all iterations of Delta Dental PPO Plus Premier plans, Delta Dental specifies a certain percentage of the fee that it will cover for out-of-network care, but in fact does not actually cover that percentage because, unbeknownst to consumers, it only covers a percentage of its proprietary, arbitrary, internally-set lower fee, and not the actual fee charged by the provider. This is evidenced by Plaintiffs' Explanation of Benefits forms that Plaintiffs received from Delta Dental following treatment with an out-of-network provider which establish each of the above-mentioned facts, and Delta Dental's subsequent denials of Plaintiffs Esper and Cohen's formal appeals.

d.  DeltaCare USA (HMO) offers low-cost dental coverage with a focus on preventive care. DeltaCare USA (HMO) is Delta Dental's lowest cost plan and offers the smallest network of dentists. The DeltaCare USA (HMO) plan provides coverage for out-of-network care. Regardless of what state the plan is offered in, the DeltaCare USA (HMO) plan promises to cover a certain percentage of the cost of out-of-network care,

usually between 50-100% depending on the service, but in fact fails to do so. For DeltaCare USA (HMO) plans, Delta Dental sets proprietary and confidential out-of-network rates for out-of-network providers which it does not make available to its insureds, even upon request, which are far lower than the amount actually charged by the provider. Also, for all iterations of Delta Dental's DeltaCare USA (HMO) plans, Delta Dental specifies a certain percentage of the fee that it will cover for out-of-network care, but in fact does not actually cover that percentage because, unbeknownst to consumers, it only covers a percentage of its proprietary, arbitrary, internally-set lower fee, and not the actual fee charged by the provider.

e. Delta Dental Patient Direct is not insurance like the above-mentioned Delta Dental plans; instead, members pay an annual fee and in exchange may choose from a panel of participating dentists who charge a reduced fee for services.

80. Defendant Delta Dental Plans Association contracts with the Delta Dental state insurer entities (including Delta New Jersey) to offer these plans pursuant to the "Delta Dental Plans Agreement," under which the Delta Dental state insurers are allowed to conduct marketing and advertising using the Delta Dental trademarks and copyrights.

81. The reimbursement rate paid to non-par (i.e. out-of-network) dental providers are not filed with or subject to review by any state regulatory authorities. Delta Dental keeps its proprietary and arbitrary internal rates for specific treatments confidential, even as to the insured.

82. In total, approximately 90 million people in the United States are insured by Delta Dental. Indeed, Delta Dental boasts that "1 in 3 Americans with dental insurance are covered by

Delta Dental."[2]

### C. Delta Dental Makes False and Misleading Representations Regarding Out-of-Network Reimbursement Rates, and Breached Its Contract Regarding The Same

83.    For its Delta Dental PPO, Delta Dental Premier, Delta Dental PPO Plus Premier, and DeltaCare USA (HMO) plans, Delta Dental represents to insureds that it will cover a certain percentage of the fee for out-of-network treatment.  This percentage can be either a fixed percentage, such as 80% for all out-of-network treatment, or a sliding scale based on the complexity of the treatment provided.  For example, for out-of-network treatment, Plaintiff Esper's Delta Dental PPO Plus Premier plan covers 100% of the cost (0% out of pocket for Ms. Esper) for bitewing x-rays, comprehensive and periodic exams, full mouth debridement, full mouth x-ray, problem focused limited evaluations, panoramic x-rays, and prophylaxis; 80% of the cost (20% out of pocket for Ms. Esper) for amalgam, endodontics, general anesthesia, IV sedation, occlusal guard, oral surgery/surgical extractions, perio maintenance, posterior resin, root plane/scale, silver fillings, simple extractions, and 50% of the cost (50% out of pocket) for dental crowns, dentures and partials, fixed partial dentures, implant crowns, implants, orthodontics, orthotic devices, and TMJ treatment.

84.    Plaintiff Esper's plan materials state, for prophylaxis, that "Plan Pays: 100% -of allowed amount."[3]  This proved to be false as Delta Dental did not cover 100% of Plaintiff Esper's out-of-network care.

---

[2] https://www.deltadental.com/us/en/about-us/why-delta-dental.html#:~:text=Fast%20Facts,focuses%20solely%20on%20dental%20care

[3] The term "allowed amount" is not defined, nor does it indicate in any way that Delta Dental will base its reimbursement amount on an undisclosed, far lower number than the price submitted by the dentist.  Delta Dental does not disclose what its "allowed amount" is, even if asked, and does not provide a dollar figure or give any indication that the "allowed amount" will be an amount different from what the provider charges.

85.    In short, these percentages are actually false or, at minimum, misleading, because Delta Dental does not actually cover the stated percentage for out-of-network care.  Instead, unbeknownst to consumers, Delta Dental sets its own proprietary fee for procedures, which is lower than the out-of-network provider's actual fee, and pays a percentage of its lower proprietary amount.  Delta Dental does not disclose its actual practice to consumers.

86.    For Plaintiff Esper, for example, Delta Dental promised to cover 100% of the cost (0% out of pocket for Ms. Esper) for out-of-network bitewing x-rays, comprehensive and periodic exams, full mouth debridement, full mouth x-ray, problem focused limited evaluations, panoramic x-rays, and prophylaxis.  Delta Dental did not, in fact, cover 100% of the cost of these out-of-network procedures, as Plaintiff Esper paid $91.00 for services that should have been covered 100% by Delta Dental.

87.    The same is true for Plaintiff Cohen.  For example, Delta Dental promised to cover 80% of the cost of Dental Crowns (20% out-of-pocket) under Plaintiff Cohen's plan, as set forth below:



| Benefit Levels | | | | Delta Dental PPO | | Delta Dental Premier | | Out of network | |
|---|---|---|---|---|---|---|---|---|---|
| Service type | Waiting period | Prior authorization | | Patient pays | Deductible applies | Patient pays | Deductible applies | Patient pays | Deductible applies |
| Diagnostic dental | None | No | | 0% | No | 0% | No | 0% | No |
| Oral Evaluation | None | No | | 0% | No | 0% | No | 0% | No |
| Diagnostic x-ray | None | No | | 0% | No | 0% | No | 0% | No |
| Intraoral Images - Complete Series | None | No | | 0% | No | 0% | No | 0% | No |
| Panoramic Images | None | No | | 0% | No | 0% | No | 0% | No |
| Preventive dental | None | No | | 0% | No | 0% | No | 0% | No |
| Dental Prophylaxis | None | No | | 0% | No | 0% | No | 0% | No |
| Fluoride Treatments | None | No | | 0% | No | 0% | No | 0% | No |
| Sealants | None | No | | 100% | No | 100% | No | 100% | No |
| Restorative[Details] | None | No | | 20% | Yes | 20% | Yes | 20% | Yes |
| Dental crowns | None | No | | 20% | Yes | 20% | Yes | 20% | Yes |
| Endodontics | None | No | | 20% | Yes | 20% | Yes | 20% | Yes |
| Periodontics | None | No | | 20% | Yes | 20% | Yes | 20% | Yes |

88.    The above image is a screenshot of a "Benefit Levels" chart provided to Plaintiff Cohen by Delta Dental.  As is clear from the rubric, Delta Dental unequivocally agreed and

promised to pay 80% of the cost for out-of-network Dental Crowns.  However, Delta Dental did not do so.

89.    On May 27, 2025, Plaintiff Cohen visited an out-of-network provider and underwent two procedures coded "Crown – porcelain fused to high noble metal" and "Core buildup, including any pins."  Under Ms. Cohen's plan as set forth above, Delta New Jersey was required to cover 80% of the cost of both services (20% of the cost to be paid by Plaintiff Cohen).  But in fact, Delta New Jersey did not cover 80% of the cost.  Despite approving the provider's rates of $2,350.00 for the crown procedure and $450.00 for the core buildup procedure, Delta Dental only covered approximately 27% of the cost of both procedures.

90.    Plaintiff Walsh's Delta Dental PPO Plus Premier plan, out-of-network coverage percentages are a sliding scale of 100% coverage (0% out of pocket) for preventative and diagnostic care (exams, cleanings, x-rays, sealants), 80% coverage (20% out of pocket) for Basic Services (fillings), 50% coverage (50% out of pocket) for Major Services (Crowns, inlays, onlays and cast restorations), and 50% coverage (50% out of pocket) for orthodontic care.  Delta Dental prominently displays these percentages in benefits materials in provides to health plans.  For example, Delta Dental provided the following rubric to Plaintiff's employer to be included in Plaintiff's benefits materials, which was then provided to Plaintiff:

31

| Feature/Service | Delta Dental | |
| --- | --- | --- |
| | PPO | |
| | Delta Dental PPO Dentists | Delta Dental Premier & Non-Participating Dentists |
| | You will pay: | |
| **Individual Annual Deductible** (Waived for Preventive and Diagnostic) | $50 (waived for preventive) | |
| **Family Annual Deductible** (Waived for Preventive and Diagnostic) | $100 (waived for preventive) | |
| **Annual Maximum/Person** | $2,000 | $2,000 |
| **Preventive and Diagnostic** Exams, cleanings, x-rays, sealants | 0% | 0% |
| **Basic Services** Fillings | 20% | 20% |
| **Major Services** Crowns, inlays, onlays and cast restorations | 50% | 50% |
| **Orthodontic Care** For dependent children to age 19 | 50% | 50% |
| **Orthodontic Lifetime Maximum** | $1,500 | |

91. Remarkably, Delta Dental also represents in the same document that "Preventive Care is covered at 100% in or out of the network." As set forth above, that proved to be false.

92. In short, these percentages are actually false or, at minimum, misleading, because Delta Dental does not actually cover the stated percentage for out-of-network care. Instead, unbeknownst to consumers, Delta Dental sets its own proprietary fee for procedures, which is lower than the out-of-network provider's actual fee, and pays a percentage of its lower proprietary amount. Delta Dental does not disclose its actual practice to consumers.

93. To be sure, for non-preventative services, Delta Dental states in Plaintiff Walsh's benefit materials that "[i]f you decide to use a non-participating dentist, however, benefits will be paid based on the maximum fee that Delta Dental will approve for a given procedure in a given region." But that phrase is meaningless and does not come close to fairly representing Delta Dental's actual practices. For example, maximum fee is not defined. This statement also does not disclose that Delta Dental's internal proprietary fees are far lower than the fee charged by the out-

of-network provider and does not provide any insight as to what the maximum fee is for any given procedure in any given area.  Worse yet, if an insured were to seek information from Delta Dental about its internally set rates for out-of-network services, Delta Dental refuses to provide them. Therefore, even in the off chance that a consumer was aware that Delta Dental caps its benefits for out-of-network providers, there is no way for a consumer to estimate how much they will pay because Delta Dental refuses to provide any insight into its proprietary rates.

94.     As a result of this practice, Delta Dental has misled consumers and caused damage to its insured members, including Plaintiff, because it failed to honor its stated percentages for out-of-network care and dealt with its insureds in bad faith.

95.     Indeed, numerous consumers have complained[4] about the very same deception Plaintiff Walsh complains of herein:

**👤 Initial Complaint**                                    Type: 🗓 Order Issues

Date: 03/18/2025                                            Status: 💬 Answered

I am writing to express my frustration and seek resolution regarding numerous claims that have been identified as out-of-network, despite my policy clearly stating that these services should be covered at 100%. Unfortunately, only 50% of the costs have been reimbursed, which is causing significant financial strain and confusion for my ********* a policyholder with Delta Dental of Illinois, I have ensured my dental services are within the framework as per the guidelines provided in the Benefit Payment sections. However, the recent claims have been processed incorrectly, leading to unexpected out-of-pocket expenses (which I will highlight and specify in detail Exhibit A Below). This discrepancy between the policy terms and the actual coverage provided is unacceptable and needs immediate attention.I kindly request a thorough re-evaluation of the claims in question and a detailed explanation of why these services were not paid at the published 100% rate for *************************** services. Additionally, I urge Delta Dental of Illinois to honour the policy terms and reimburse the remaining Out-Of-Pocket costs as per the coverage agreement, in the amount of $846.00.I am also bringing this matter to the attention of the Illinois Department of Insurance and the Better Business Bureau to ensure that my concerns are addressed promptly and to prevent similar issues for other policyholders and my future dealings with Delta Dental of Illinois for the remainder of 2025.Thank you for your prompt attention to this matter. I look forward to a swift resolution.

---

[4] https://www.bbb.org/us/il/naperville/profile/dental-insurance/delta-dental-of-illinois-0654-11434/complaints

96.    This customer complaint also underscores that the complained of conduct is uniform and national in scope as Delta Dental undertook the same fraudulent conduct with respect to Plaintiffs Walsh and Esper in New York and Plaintiff Cohen in New Jersey, all insured under a Delta New Jersey plan, as they did with the customer who wrote the complaint below ostensibly in Illinois insured under a Delta Illinois plan.

97.    Notably, while Delta Dental's responses to this customer are not publicly available due to HIPAA protections, it is clear from the customer's subsequent responses that Delta Dental failed to remedy this issue, as the last comment on the chain from the customer, which there is no record of Delta Dental having responded to, makes clear:

 **Business Response**
Date: 03/27/2025

Hello. Please read the rejection response attached. Thank you.

 **Customer Answer**

Date: 03/27/2025

Complaint: 23083159

I am rejecting this response because:
I find it interesting that the attached document from ******* **** (Senior Counsel) outlines an example for all of us.  Let me attach what she sent me and allow the community to determine what is correct.  In what world does Delta Dental think the simple MATH in the below example is 100% covered for out-of-network?  I lay this out to you as PROOF, that they are NOT paying the 100% as they so insinuate they are.  This is as Blatant as you can get, they have an arbitrary "Allowed Amount" that they dictate and the industry does not all adhere to.  How is this legal?
BBB - Please review what was submitted to me and the example below from Delta Dental's Senior Counsel and advise your findings.
We provided an example of how this works below:
Amount Billed: $100
Allowed Amount: $70
Coverage 100%

Sincerely,

****** *******

98.    In another example, another customer complained[5] about Delta Dental's arbitrarily low and confidential out-of-network reimbursement rates, and, importantly, the fact that Delta Dental refuses to disclose their arbitrary out-of-network rates to its insureds:

---

[5] https://wallethub.com/profile/hi/delta-dental-13013831i



**Donna Maestas-De Vries**
June 13, 2025 • @demaestas11



I had a tooth extracted in May of 2025; the tooth was infected and had undergone two previous root canals. I used an out-of-network provider specializing in extractions and implants, as my dentist would have referred me to other specialists who were booked for months. I paid the out-of-network provider and filed a claim. Delta reimbursed me $32. When I called, they told me they only pay $65 for an extraction and do not reimburse for anesthesia. I do not believe that. I asked to see their fee schedule, and it is unrealistic that they are only paying in-network providers $65 and nothing for anesthesia for extractions. I was told that the fee schedule is an agreement between Delta and their in-network providers. They do not allow members to see it.

show less ∧

Product: Delta Dental Health Insurance

Comment 👍 0  👎 0

99.    Other consumer complaints[6] complain of the same practices by Delta Dental:



HORRIBLE DENTAL INSURANCE!!

HORRIBLE DENTAL INSURANCE!!! STAY CLEAR

Switched to Delta Dental after 20 years with Aetna and its been horrible. Delta claims they pay 100% Out-of-Network for Preventative. Well, me and my family all got an Exam (1) and a cleaning (2) and they charged me over $100 per person in fee's!

It's supposed to be 100% covered, how the hell, do you bill me $100 for an exam and a cleaning!!!

Unacceptable and the BBB has been notified, i hope you guys go out of business!

March 10, 2025    Unprompted review

👍 Useful 2    ⌁ Share    🏳

---

[6] https://www.trustpilot.com/review/www.deltadentalins.com

100.    In short, Delta Dental's representations regarding its coverage for out-of-network services are false and misleading, and its practice of failing to even disclose its arbitrarily low reimbursement rates to its insureds is an act of bad faith and further fraud.

101.    Delta Dental's conduct is also a breach of its contractual obligations with its insureds because it fails to honor its obligations to cover the specified percentage of out-of-network care.

## CLASS ALLEGATIONS

102.    Plaintiffs bring this action on behalf of themselves and the following classes pursuant to Federal Rule of Civil Procedure 23.  Specifically:

**The ERISA class**

> Any member of an ERISA-governed employer-sponsored Delta Dental plan who received out-of-network dental services and who paid more than the designated percentage of out-of-network treatment as set forth in their plan documents.

**The ERISA Exempt Nationwide Class**:

> All persons in the United States insured under a Delta Dental plan exempt from ERISA who received out-of-network dental services and who paid more than the designated percentage of out-of-network treatment as set forth in their plan documents.

**The ERISA Exempt Delta New Jersey Subclass:**

> All persons in the United States insured under a Delta Dental plan offered or administered by Delta New Jersey who paid more than the designated percentage of out-of-network treatment as set forth in their plan documents.

**The ERISA Exempt Pennsylvania Subclass**

> All persons in the state of Pennsylvania insured under a Delta Dental plan exempt from ERISA who received out-of-network dental services and who paid more than the designated percentage of out-of-network treatment as set forth in their plan documents.

103.    Plaintiffs Esper and Walsh seek to represent the above-referenced ERISA classes,

37

and Plaintiff Cohen, insured under a governmental plan exempt from ERISA, seeks to represent the ERISA exempt classes set forth above.

104.    The ERISA class, the ERISA Exempt Nationwide Class, the ERISA Exempt Delta New Jersey Subclass, and the ERISA Exempt Pennsylvania Subclass are collectively referred to herein as the "Classes."

105.    Plaintiffs reserve the right to amend the class definitions via amended complaint or narrow them at class certification.

106.    Excluded from the Classes are Defendants and their subsidiaries and affiliates; all employees of Defendants and their subsidiaries and affiliates; all persons who make a timely election to be excluded from the Classes; Plaintiffs' counsel and Defendants' counsel and members of their immediate families; and any judge to whom this case is assigned, including his/her immediate family and court staff.

107.    Members of the Classes can be easily and objectively ascertained through the use of information contained in Defendants' files because Defendants adjudicated class members' claims.

108.    **Numerosity**: The members of the Classes are so numerous and geographically dispersed that individual joinder of all Class Members is impracticable. While Plaintiffs are informed and believe that there are likely hundreds of thousands of members of the Classes, the precise number of Class Members is unknown to Plaintiffs.

109.    **Commonality and Predominance**: This action involves common questions of law and fact, which predominate over any questions affecting individual Class Members, including, without limitation:

a.  Whether Defendants' acts in failing to cover the promised percentage of out-of-network

38

dental care violated the terms of the ERISA Class's plans;

b.  Whether Defendants' acts in failing to cover the promised percentage of out-of-network care breached its contract with ERISA exempt class members;

c.  Whether Defendants' acts in failing to cover the promised percentage of out-of-network care was false and/or misleading to its ERISA exempt insureds;

d.  Whether Plaintiffs and Class Members are entitled to equitable relief, including but not limited to, injunctive relief, restitution, and disgorgement; and,

e.  Whether Plaintiffs and the Class Members are entitled to actual, statutory, punitive, or other forms of damages, and other monetary relief.

110.    **Typicality**: Plaintiffs are members of the Classes they seek to represent and Plaintiffs' claims are typical of the claims of all Class Members.  Plaintiffs and all Class members were injured through Defendants' uniform misconduct, namely Defendants' failure to cover the percentage of out-of-network care that it promised to cover and assert the same claims. Accordingly, Plaintiffs' claims are typical of Class members' claims.

111.    **Adequacy**: Plaintiffs are adequate class representatives because they are a member of their respective Classes, and their interests do not conflict with the interests of other Class Members that they seek to represent.  Plaintiffs are committed to pursuing this matter on behalf of the Classes with the Classes' collective best interest in mind.  Plaintiffs have retained counsel with significant experience prosecuting complex class action cases of this type, and Plaintiffs intend to prosecute this action vigorously.  Plaintiffs, and their counsel, will fairly and adequately protect the Classes' interests.

112.    **Predominance and Superiority**: As described above, common issues of law or fact predominate over individual issues. Resolution of those common issues in Plaintiffs' case will

39

also resolve them for the Classes' claims. In addition, a class action is superior to any other available means for the fair and efficient adjudication of this controversy and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiffs and other Class Members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, and it would be impracticable for members of the Classes to individually seek redress for Defendants' wrongful conduct. Even if Class Members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

113.    Plaintiffs reserve the right to revise the foregoing class allegations and definitions based on facts learned and legal developments following additional investigation, discovery, or otherwise.

## CLAIMS FOR RELIEF

### COUNT I
### Denial of Benefits in Violation of ERISA § 502(a)(1)(B)

114.    Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

115.    Plaintiffs Esper and Walsh bring this claim individually and on behalf of the ERISA Class.

116.    Under ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)), "[a] civil action may be brought-- . . .**(1)** by a participant or beneficiary-- **(B)** to recover benefits due to him under the terms

40

of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]"

117.    Plaintiff Esper's Delta Dental PPO Plus Premier plan offered through her employer is an "employee welfare benefit plan" under ERISA.  29 U.S.C.A. § 1002(1).  Plaintiff Walsh's Delta Dental PPO Plus Premier Plan, offered through his employer, is an "employee welfare benefit plan" under ERISA.  *Id.*

118.    Both Plaintiff Esper and Plaintiff Walsh are participants and/or beneficiaries under their respective plans.

119.    As set forth herein, Plaintiff Esper and Plaintiff Walsh, and the ERISA Class, were wrongfully denied a benefit owed under their respective plans.  Delta Dental promised Plaintiffs Esper and Walsh, and other members of the ERISA Class, that it would cover a specified percentage of out-of-network care.

120.    Relying on those stated percentages, Plaintiffs Esper and Walsh sought and received out-of-network care.  Delta Dental did not cover the specified percentage of their out-of-network care, instead covering an amount far lower than the stated percentage.

121.    That is because Delta Dental did not apply the stated percentages to the actual cost of the out-of-network care that Plaintiffs Esper and Walsh received; instead, they applied the percentage to an undisclosed, proprietary, and arbitrary lower amount internally set by Delta Dental.  Not only did Delta Dental not disclose these internally set rates to Plaintiff Esper or Walsh at any time prior to treatment, but Delta Dental would have refused to do so even if asked.

122.    As such, Delta Dental is required to cover the promised percentage of out-of-network care applied against the dentist's actual rate for the care, not its arbitrary, internally set rates.

123.    As a result of Delta Dental's violation of ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)), Plaintiff Esper and Plaintiff Walsh, individually and on behalf of the ERISA Class, are entitled to recover benefits owed under the plan terms that were improperly denied, to enforce their rights under their respective plans, for an injunction preventing Delta Dental from continuing to engage in the above-mentioned illegal acts and practices, restitution, and attorneys' fees.

124.    As set forth above, Plaintiff Esper exhausted her remedies with Delta Dental by timely filing a formal appeal of a claim in which Delta Dental failed to cover the promised percentage of out-of-network care.  Delta Dental denied her formal appeal in full, and therefore Plaintiff Esper has exhausted her available remedies and may pursue this claim in Court.

125.    Plaintiff Walsh was not required to exhaust his administrative remedies on grounds of futility.  Where, as here, Delta Dental acted in bad faith, as set forth above, administrative exhaustion is excused under ERISA.  Under the circumstances of this case, any attempts at administrative exhaustion would be futile, as made clear by Ms. Esper's and Ms. Cohen's formal appeal denials.

## COUNT II
### Breach of Fiduciary Duty in Violation of ERISA § 502(a)(3)

126.    Plaintiffs incorporate by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

127.    Plaintiffs Esper and Walsh bring this claim individually and on behalf of the ERISA Class.

128.    Under ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3)), a civil action may be brought by "a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms

42

of the plan[.]"

129.    As set forth herein, Delta Dental is responsible for interpreting the terms of the health plans that they administer with respect to coverage for out-of-network dental care and making final and binding decisions about whether to approve coverage for said care.  As such, Delta Dental exercises discretionary authority with respect to the administration of the plans and the payment of plan benefits.  Delta Dental is therefore a fiduciary as defined by 29 U.S.C. §§ 1002(21)(A) and 1104(a).

130.    As an ERISA fiduciary, and pursuant to 29 U.S.C. § 1104(a), Delta Dental has a duty of loyalty to plan participants and beneficiaries that requires them to discharge their duties "solely in the interests of the participants and beneficiaries" of the plans they administer and for the "exclusive purpose" of providing benefits to participants and beneficiaries and paying reasonable expenses of administering the plans.

131.    Defendants also owe plan participants and beneficiaries a duty of care, which requires them to act with reasonable "care, skill, prudence, and diligence" and in accordance with the terms of the plans, so long as such terms are consistent with ERISA.

132.    As set forth herein, Defendants violated these duties by wrongfully and deceitfully underpaying Plaintiffs Esper and Walsh's claims for out-of-network treatment by failing to cover the promised percentage of the cost of the care and instead covering only a percentage of an undisclosed, proprietary, and arbitrary amount that is far lower than the amount actually charged by the provider.  Delta Dental therefore designed a scheme under which to profit tremendously at the expense of the plan beneficiaries and participants to whom it owes a fiduciary duty.  In doing so, Delta Dental breached its fiduciary duties to Plaintiffs Esper and Walsh and the ERISA Class.

133.    In devising the scheme set forth herein, Delta Dental did not act "solely in the

43

interests of the participants and beneficiaries" for the "exclusive purpose" of "providing benefits." It did not use the "care, skill, prudence, and diligence" that ERISA demands of fiduciaries. It did not act in accordance with the terms of the Plaintiffs Esper and Walsh's or the ERISA Class members' plans.

134.    Instead, Delta Dental elevated its own interests above the interests of the plan participants and beneficiaries.

135.    As a result of Delta Dental's actions, Plaintiffs Esper and Walsh, and the ERISA Class, suffered a cognizable loss due to Delta Dental's failure to cover the promised percentage of out-of-network dental care.

136.    As a result of Delta Dental's actions, Plaintiffs Esper and Walsh, and the ERISA Class, are entitled to all appropriate relief under ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3)), including but not limited to equitable restitution, disgorgement of ill-gotten gains, the imposition of a constructive trust over the funds retained by Delta Dental which should have been paid to cover out-of-network care, and injunctive relief preventing Delta Dental from continuing this conduct in the future.

137.    As set forth above, Plaintiff Esper exhausted her remedies with Delta Dental by timely filing a formal appeal of a claim in which Delta Dental failed to cover the promised percentage of out-of-network care.  Delta Dental denied her formal appeal in full, and therefore Plaintiff Esper has exhausted her available remedies and may pursue this claim in Court.

138.    Plaintiff Walsh was not required to exhaust his administrative remedies on grounds of futility.  Where, as here, Delta Dental acted in bad faith, as set forth above, administrative exhaustion is excused under ERISA.  Under the circumstances of this case, any attempts at administrative exhaustion would be futile, as made clear by Ms. Esper's and Ms. Cohen's formal

44

appeal denials.

### COUNT III
**Breach of Contract**

139.    Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

140.    Plaintiff Cohen brings this claim individually and on behalf of the ERISA Exempt Nationwide Class, ERISA Exempt Delta New Jersey Subclass, and the ERISA Exempt Pennsylvania Subclass (collectively the "ERISA Exempt Classes").

141.    As set forth above, Plaintiff Cohen's Delta Dental plan was offered pursuant to a government plan and therefore is exempt from ERISA.  29 U.S. Code § 1003(b).

142.    Plaintiff Cohen and members of the ERISA Exempt Classes entered a contract with Delta Dental by virtue of their status as an insured participant under their Delta Dental plan.

143.    The contract between Plaintiff Cohen, ERISA Exempt Classes members, and Delta Dental contained an express term that Delta Dental would cover certain percentages of out-of-network care, as set forth in more detail above.

144.    Delta Dental breached its contract with Plaintiff Cohen and ERISA Exempt Classes members because it failed to cover the percentage of out-of-network care that it promised to under the policy on numerous occasions, as set forth above.

145.    Plaintiff Cohen and ERISA Exempt Classes members were damaged as a direct and proximate result of Delta Dental's breach of contract because they paid considerably more for out-of-network dental care than they should have on numerous occasions, as set forth above.

146.    Plaintiff Cohen and ERISA Exempt Classes members performed all conditions required of them under the contract with Delta Dental.

147.    As set forth above, Plaintiff Cohen filed a timely formal appeal of several claims

determinations wherein Delta Dental failed to cover the specified percentage of out-of-network care. Delta Dental denied Plaintiff Cohen's formal appeal.

**COUNT IV**
**Breach of Contract Based on Breach of the Implied Covenant of Good Faith and Fair Dealing**

148. Plaintiffs incorporate by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

149. Plaintiff Cohen brings this claim individually and on behalf of the ERISA Exempt Classes.

150. As set forth above, Plaintiff Cohen's Delta Dental plan was offered pursuant to a government plan and therefore is exempt from ERISA. 29 U.S. Code § 1003(b).

151. "Every contract imposes on each party a duty of good faith and fair dealing in its performance and its enforcement." Restatement (Second) of Contracts § 205.

152. Plaintiff Cohen and members of the ERISA Exempt Classes entered a contract with Delta Dental by virtue of their status as an insured participant under their Delta Dental plan.

153. The contract between Plaintiff Cohen, ERISA Exempt Classes members, and Delta Dental contained an express term that Delta Dental would cover certain percentages of out-of-network care, as set forth in more detail above.

154. A term of good faith and fair dealing was also implied in the contract between Plaintiff Cohen, the members of the ERISA Exempt Classes, and Delta Dental.

155. Delta Dental not only breached the express terms in its contract with Plaintiff Cohen and members of the ERISA Exempt Classes by failing to cover the percentage of out-of-network care that it promised to under the policy, but it also independently breached the implied term of good faith and fair dealing by hiding its internal, proprietary, and arbitrary lower amounts from

46

which it based benefits determinations.  Delta Dental did not act in good faith towards Plaintiff Cohen and members of the ERISA Exempt Classes because it did not disclose it was basing its out-of-network percentages on a lower and undisclosed amount that was lower than the actual rate charged by the provider.  Even if the insured member happened to ask for the undisclosed lower amount, Delta Dental refused to provide it such that there was no way for an insured to determine the true cost of out-of-network care.  As such, Delta Dental acted in bad faith towards its insureds.

156.    Plaintiff Cohen and members of the ERISA Exempt Classes were damaged as a direct and proximate result of Delta Dental's breach of the implied covenant of good faith and fair dealing because they paid considerably more for out-of-network dental care than they should have on numerous occasions, as set forth above.

157.    Plaintiff Cohen and members of the ERISA Exempt Classes performed all conditions required of them under the contract with Delta Dental.

158.    As set forth above, Plaintiff Cohen filed a timely formal appeal of several claims determinations wherein Delta Dental failed to cover the specified percentage of out-of-network care.  Delta Dental denied Plaintiff Cohen's formal appeal.

## COUNT V
### Insurer Bad Faith, Pa. Stat. and Cons. Stat. Ann. § 8371

159.    Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

160.    Plaintiff Cohen brings this claim individually and on behalf of the ERISA Exempt Pennsylvania Subclass.

161.    Pennsylvania's bad faith statute creates a cause of action against an insurance company where:

In an action arising under an insurance policy, if the court finds that

47

the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

> (2) Award punitive damages against the insurer.

> (3) Assess court costs and attorney fees against the insurer.

42 Pa. Stat. and Cons. Stat. Ann. § 8371.

162.    "Although the term 'bad faith' is not defined by the Pennsylvania bad faith statute, Pennsylvania courts have interpreted it as 'any frivolous or unfounded refusal to pay proceeds of a policy.' " *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 367 (3d Cir. 2004). "Under Pennsylvania law, a plaintiff can only recover for bad faith of an insurer under 42 Pa. C.S. § 8371 if he or she shows, by clear and convincing evidence, that the insurer: (1) did not have a reasonable basis for denying benefits under the policy; and (2) knew or recklessly disregarded its lack of a reasonable basis in denying the claim." *Lewis v. New Jersey Manufacturers Insurance Company*, 2025 WL 2983158, at *3 (E.D. Pa. Oct. 22, 2025).

163.    Here, Delta Dental acted in bad faith because its failure to cover the promised percentage of out-of-network care is both frivolous and unfounded. More than that, Delta Dental's conduct in setting arbitrary internal rates from which it makes out-of-network benefits calculations is equally frivolous and unfounded.

164.    Delta Dental lacked a reasonable basis for failing to cover the promised percentage of out-of-network care. As it relates to Plaintiff Cohen, Delta Dental unequivocally promised to pay 80% of the cost of certain out-of-network procedures, such as dental crowns, and arbitrarily refused to pay the promised amount.

165.    Delta Dental knew or recklessly disregarded its lack of reasonable basis in failing

48

to cover the promised percentage of out-of-network care as it is clear Delta Dental knew what it promised Plaintiff Cohen as Delta Dental's own rubric clearly states it will pay 80% of the cost of out-of-network care.  Despite making that explicit promise to Plaintiff Cohen, Delta Dental failed to pay the stated percentage of out-of-network care.

166.    As such, Delta Dental violated 42 Pa. Stat. § 8371, and Plaintiff Cohen and the ERISA Exempt Pennsylvania Subclass are entitled to interest on the unpaid portion of the cost of out-of-network care that Delta Dental promised to cover but did not, punitive damages, court costs and attorneys' fees, and any other available relief.

## COUNT VI
### Fraud

167.    Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

168.    Plaintiff Cohen brings this claim individually and on behalf of the ERISA Exempt Classes.

169.    As discussed at length above, Delta Dental made fraudulent misrepresentations regarding the percentage of out-of-network care it would cover.  More than that, Delta Dental engaged in material omissions of fact regarding its internally set rates from which it based out-of-network reimbursement amounts.

170.    Delta Dental's misrepresentations and omissions were material in that Plaintiff Cohen and members of the ERISA Exempt Classes relied upon them in obtaining out-of-network care and expecting that Delta Dental would cover the promised percentage of the care.

171.    Delta Dental made these misrepresentation and omissions with knowledge of their falsity, or with recklessness as to whether they were true or false, and with the intent that Plaintiff Cohen and members of the ERISA Exempt Classes would rely on them to their detriment.

49

172.    Plaintiff Cohen and members of the ERISA Exempt Classes reasonably and justifiably relied on said misrepresentations and omissions because they sought out-of-network care reasonably believing that Delta Dental would honor the percentage of out-of-network care it promised to cover.

173.    As a result of Delta Dental's fraud, Plaintiff Cohen and members of the ERISA Exempt Classes suffered injury that was directly and proximately caused by their reliance on Defendants' misrepresentations and omissions.

174.    The fraudulent actions of Defendants caused damage to Plaintiff Cohen and members of the ERISA Exempt Classes, who are entitled to damages and other legal and equitable relief as a result.

175.    As a result of Defendants' willful and malicious conduct and reckless indifference to the rights of Plaintiff Cohen and members of the ERISA Exempt Classes, punitive damages are warranted.

## COUNT VII
### Negligent Misrepresentation

176.    Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

177.    Plaintiff Cohen brings this claim individually and on behalf of the ERISA Exempt Classes.

178.    As discussed at length above, Delta Dental made fraudulent misrepresentations regarding the percentage of out-of-network care it would cover.  More than that, Delta Dental engaged in material omissions of fact regarding its internally set rates from which it based out-of-network reimbursement amounts.

179.    Delta Dental made these fraudulent misrepresentations and omissions under

circumstances in which it ought to have known of their falsity, as Delta Dental knew it would not actually cover the stated percentage, but instead a percentage of an undisclosed and arbitrary lower amount which it failed to disclose.

180.   Delta Dental made these misrepresentation and omissions with an intent to induce Plaintiff Cohen and members of the ERISA Exempt Classes to act on them in the form of obtaining out-of-network dental care.

181.   Plaintiff Cohen and members of the ERISA Exempt Classes reasonably and justifiably relied on said misrepresentations and omissions because they sought out-of-network care reasonably believing that Delta Dental would honor the percentage of out-of-network care it promised to cover.

182.   As a result of Delta Dental's misrepresentations and omissions, Plaintiff Cohen and members of the ERISA Exempt Classes suffered injury that was directly and proximately caused by their reliance on Defendants' misrepresentations and omissions.

183.   The fraudulent actions of Defendants caused damage to Plaintiff Cohen and members of the ERISA Exempt Classes, who are entitled to damages and other legal and equitable relief as a result.

184.   As a result of Defendants' willful and malicious conduct and reckless indifference to the rights of Plaintiff Cohen and members of the ERISA Exempt Classes, punitive damages are warranted.

### COUNT VIII
**Unjust Enrichment**

185.   Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

186.   Plaintiff Cohen brings this claim individually and on behalf of the ERISA Exempt

Classes.

187.    Plaintiff Cohen and the ERISA Exempt Classes conferred a benefit on Defendants by paying premiums and/or employee contributions for their respective plans.

188.    Delta Dental appreciated the benefits by realizing the money paid by Plaintiff Cohen and the ERISA Exempt Classes for their premiums and/or employee contributions.

189.    Delta Dental's acceptance and retention of such benefits were under circumstances that it would be inequitable for Delta Dental retain the benefit without payment of value because in exchange for the premiums and/or employee contributions paid by Plaintiff Cohen and members of the ERISA Exempt Classes, Delta Dental promised to cover a specified percentage of out-of-network care, but failed to do so resulting in Delta Dental realizing a benefit that should have gone towards paying out-of-network claims.  Delta Dental's retention of the benefit was further unjust because it set its out-of-network reimbursement percentages from an undisclosed and arbitrary internal rate that it failed to disclose to Plaintiff Cohen or members of the ERISA Exempt Classes.

190.    As a result of Defendants' unjust enrichment, Plaintiff Cohen and members of the ERISA Exempt Classes are entitled to restitution of the funds that they paid for out-of-network care that should have been covered by Delta Dental, in addition to any other relief permitted by law.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendants, as follows:

a) For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure, naming Plaintiffs as representative of the Classes as set forth above, and naming Plaintiffs' attorneys as Class Counsel to represent the Classes;

b) For an order finding in favor of Plaintiffs and the Classes on all counts asserted herein;

c)  For an order declaring that Defendants' conduct violates the laws referenced herein;

d)  For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e)  For an order of restitution and all other forms of equitable monetary relief;

f)  For an order enjoining Defendants from continuing the illegal practices detailed herein;

g)  For injunctive relief as pleaded or as the Court may deem proper;

h)  A Declaration that Defendants have breached their fiduciary duties under ERISA;

i)  For an order compelling Defendants to reprocess the claims for coverage for out-of-network dental care for the class period and issue appropriate benefits under the Plan;

j)  For an order permitting Plaintiffs to recover benefits owed under the plan terms that were improperly denied, to enforce their rights under their respective plans, for an injunction preventing Delta Dental from continuing to engage in the above-mentioned illegal acts and practices, restitution, and attorneys' fees under ERISA;

k)  For an order granting Plaintiffs equitable restitution, disgorgement of ill-gotten gains, the imposition of a constructive trust over the funds retained by Delta Dental which should have been paid to cover out-of-network care, and injunctive relief preventing Delta Dental from continuing this conduct in the future under ERISA;

l)  An award of pre-judgment interest; and

m) For an order awarding Plaintiffs and the Class their reasonable attorneys' fees and expenses and costs of suit.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b)(1), Plaintiffs demand a trial by jury of all issues so triable.

Dated: January 19, 2026                    Respectfully submitted,

By: /s/ Andrew J. Obergfell
    Andrew J. Obergfell

**BURSOR & FISHER, P.A.**
Joseph I. Marchese
Andrew J. Obergfell
Israel Rosenberg
1330 Avenue of the America, 32nd Floor
New York, NY 10019

53

Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: jmarchese@bursor.com
          aobergfell@bursor.com
          irosenberg@bursor.com

*Attorneys for Plaintiffs*